# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF TEXAS

### HOUSTON DIVISION

| | | |
|---|---|---|
| **HABIBU OTHMAN KHAMIS,** | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| **V.** | § | |
| | § | **CIVIL ACTION NO._____** |
| **STRIDE, DANAOS CORP., IRONMAN** | § | |
| **PROTECTION LLC, MEMORIAL** | § | |
| **HERMANN HEALTH SYSTEM, AND** | § | |
| **COSCO SHIPPING LINES (NORTH** | § | |
| **AMERICA) INC.,** | § | |
| *Defendants.* | | |

# EXHIBIT A

EXHIBIT A-1

3/7/2024 4:17 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 85327787
By: Kerrylone Asberry
Filed: 3/7/2024 4:17 PM

## CAUSE NO. _____

| | | |
|---|---|---|
| **HABIBIU OTHMAN KHAMIS,** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **STRIDE, DANAOS CORP. and** | § | |
| **IRONMAN PROTECTION** | § | |
| *Defendants.* | § | **_____ JUDICIAL DISTRICT** |

### PLAINTIFF'S KHAMIS' ORIGINAL PETITION, JURY DEMAND, AND APPLICATION FOR EMERGENCY TEMPORARY RESTRAINING ORDER UNDER TEX. R. CIV. P. 680

Plaintiff, HABIBU OTHMAN KHAMIS, in the above-styled and numbered cause, and file this Original Petition, Jury Demand, and Application for Emergency Temporary Restraining Order Under Texas Rule of Civil Procedure 680, complaining of and against STRIDE, DANAOS CORP., and IRONMAN PROTECTION (hereinafter collectively "Defendants"), and would respectfully show unto the Honorable Court and Jury the following:

I.      WHAT THIS CASE IS ABOUT

1.1     Just under two months ago, on January 8, 2024, Plaintiff Khamis was performing his duties as a crew member on or near a navigable vessel named the "STRIDE" at the Port of Houston. The STRIDE is owned and operated by Defendant Danaos.  On they in question, an explosion and resulting fire erupted killing two crew members and catastrophically injuring the Plaintiff.[1] Plaintiff has been admitted to Memorial Hermann Hospital in Houston, Texas for treatment for his catastrophic injuries since January 8.

---

[1] Exhibit A. USA Today News Article: 2 Dead, 1 injured in Port Houston.
https://www.usatoday.com/story/news/nation/2024/01/08/port-houston-fire-2-killed-1-injured/72150946007/

1.2     On March 6, 2024, yesterday, Plaintiff and his family engaged Roberts Markland LLP by duly executed a Power of Attorney Agreement assigning a portion of Plaintiff's claims and an attorney fee interest.  In accordance with Texas law, the agreement is in writing.

1.3     On March 7, 2024, Plaintiff's counsel went to Memorial Hermann to visit its client when the attorney(s) were confronted by an agent of of Defendants, someone working for a security company named Ironman, who blockades the door to Plaintiff's hospital room, refusing access to the Plaintiff's attorneys and family.   Defendants' representative continued refusing access after receiving proof that Plaintiff had retained Roberts Markland LLP and that the attorney was employed at the firm.   These brazen acts not only violate the Plaintiff's right to engage counsel, but also violates his HIPPA rights by requiring the Plaintiff's doctors to traverse through a security guard there solely to protect the Defendants.   Further, this situation creates a risk that Defendant is interfering with the Plaintiff's medical care and also illegally obtaining access to the Plaintiff's confidential medial information in violation of HIPPA laws.   Worse, the Defendants' agent forcibly escorted   Plaintiff's counsel from the Hospital premise with the assistance of Memorial Hermann's Director and Risk Management Officer, Samuel Liong.

1.4     Plaintiff would further show that Defendants' personnel collectively interfered with Plaintiff's medical treatment, refused to investigate and refused to acknowledge Plaintiff was injured. Plaintiff would also show that Defendant knew Plaintiff was injured, but attempted to hide such injuries, and attempted to deny Plaintiff access to his counsel from attorneys of record.

1.5     Plaintiff requests an order from this Honorable Court enjoining Defendants from preventing Plaintiff's counsel access to his hospital room.   Even prisoners are allowed to meet with their lawyers and the Plaintiff, here, has committed no crime.   The Court should also make

clear in its order that Memorial Hermann, its Director and risk management officer, Samuel Liong, and its nurses, staff, and employees are enjoined from allowing access to their patient, the Plaintiff.

1.6     Plaintiff further requests an order from this Honorable Court enjoining Defendant Memorial Hermann from preventing Plaintiff and Plaintiff's attorneys of record from completing the HIPPA forms.

1.7     Plaintiff  further requests an order from this Honorable Court enjoining Defendant Ironman for preventing Plaintiff's attorney access to their client, Plaintiff Khamis.

1.8     Plaintiff requests an order from this Honorable Court enjoining Defendant Ironman from attempting to remove Plaintiff Khamis from the United States.

1.9     Plaintiff further requests an order from this Honorable Court enjoining the Defendants from disturbing the vessel, to preserve it in its current condition and to allow Plaintiff and his representatives access to do an inspection to determine the cause of the explosion.

1.9     Tex. R. Civ. P. 680 provides:

> **No temporary restraining order shall be granted without notice to the adverse party unless it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before notice can be served and a hearing had thereon.  Every restraining order granted without notice shall be endorsed with the date and hour of issuance; shall be filed forthwith in the clerk's office and entered of record; shall define the injury and state why it is irreparable and why the order was granted without notice; and shall expire by its terms within such time after signing, to exceed fourteen days, as the court fixes, unless within the time so fixed the order, for good cause shown, is extended for a like period or unless the party against whom the order is directed consents that it may be extended for a longer period. The reasons for the extension shall be entered of record.  No more than one extension may be granted unless subsequent extensions are unopposed. In case a temporary restraining order is granted without notice, the application for a temporary injunction shall be set down for hearing at the earliest possible date and takes precedence of all matters except older matters of the same character; and when the application comes on for hearing the party who obtained the temporary restraining order**

**shall proceed with the application temporary injunction and, if he does not do so, the court shall dissolve the temporary restraining order. On two days' notice to the party who obtained the temporary restraining order without notice or on such shorter notice to that party the court may prescribe, the adverse party may appear and move its dissolution or modification and in that event the court shall proceed to hear and determine such motion as expeditiously as the ends of justice require.**

*Every restraining order shall include an order setting a certain date for hearing on the temporary or permanent injunction sought.* **(emphasis added).**

1.10    The Plaintiff respectfully requests an immediate hearing on their application for temporary restraining order and a full hearing on the application for temporary injunction as soon as reasonably practicable after the date of issuance of the temporary restraining order.

1.12    The Plaintiff respectfully requests that if the temporary restraining order is granted by the Court that a reasonable bond be set in the amount of $100.00.

1.13    The facts pled above demonstrate the irreparable harm that Plaintiff will suffer unless the Defendants are enjoined. The Plaintiff will suffer irreparable harm if he is disallowed from meeting with counsel, and from signing medical authorization forms allowing his counsel to obtain his medical records. Also, Plaintiff will suffer irreparable harm if the vessel, STRIDE, is disturbed, moved, tampered with. Further, Plaintiff will be irreparably harmed if he is unable to conduct an inspection to prevent further spoliation of evidence. Plaintiff will suffer irreparable harm unless Defendant Danaos ordered to (1) prevent the vessel "Stride" from departing the Port of Houston, Texas, (2) to preserve all evidence related to the fire and allow an immediate inspection of the vessel "Stride" involved in the Occurrence; (3) produce any videotapes made at or near the time of the Occurrence; (4) produce any and all GPS data, and repair or maintenance invoices or receipts; and (5) produce any and all "witness statements" as defined under Tex. R. Civ. P. 192.3(h). Plaintiff respectfully requests an order from this Honorable Court to stop all

maintenance, repairs, and/or alterations to the vessel "Stride" so that an inspection of the vessel involved in this incident may be completed.  There is a substantial likelihood that important evidence will deteriorate and that spoliation of other evidence is likely (i.e., videotape of incident) unless this Honorable Court issues the ex parte relief requested in this application.

## II.
## PARTIES

2.1     Plaintiff, HABIBU OTHMAN KHAMIS, is an individual resident of the Country of Tanzania.

2.2     Defendant IRONMAN PROTECTION (hereinafter, "Ironman"), is an non-legal domestic limited liability company that is involuntarily dissolved.

2.3     Defendant DANAOS CORP. (hereinafter, "Danaos"), is a foreign corporation based in Athens, Greece and the owner of the vessel "Stride" on which Plaintiff was employed.

2.4     Defendant STRIDE is Defendant Danaos' vessel and is currently located in the Gulf of Mexico at the Port of Houston in Houston, Texas.

## III.
## VENUE AND JURISDICTION

3.1     This Court has personal and/or in rem jurisdiction over some or all of the Defendants.  The vessel, STRIDE, is currently docked in the Houston Ship Channel.  Defendants are also subject to jurisdiction in Texas because they have purposefully availed themselves to the jurisdiction in this State.  Venue for this case is proper in Harris County, Texas, pursuant to 15.0181 and §15.002(a)(3) of the Texas Civil Practice and Remedies Code because some or all of the acts or omissions complained of occurred in this County.

3.2    The Court has subject matter jurisdiction over this civil action because Plaintiff seeks damages in an amount exceeding the Court's minimum jurisdictional limits. Plaintiff reserves the right to amend the relief sought as more information is discovered throughout discovery.

3.3    Plaintiff is a Tanzanian seaman and brings this action pursuant to Title 46 U.S.C. § 688.

3.4    At all times material hereto, Plaintiff was a crew member assigned to a vessel owned and operated by Defendant and was in the employee of Defendant, acting within the course and scope of his employment as a seaman.

3.5    Stride, a vessel, is currently Harris County, Texas, allowing for in-rem jurisdiction.

## IV.
## DISCOVERY CONTROL PLAN

4.1    Pursuant to Rule 190.3 of the Texas Rules of Civil Procedure, Plaintiff requests a Level 2 Discovery Control Plan.

## V.
## FACTS

5.1    On March 7, 2024, Plaintiff's counsel went to Defendant Memorial Hermann's hospital where Defendant Ironman's employees were in the Plaintiff's hospital room, attempting to elicit information about Plaintiff and his counsel. Despite multiple verbal affirmations by Plaintiff that Roberts Markland is indeed his attorneys of record, Defendant Ironman prevented Plaintiff's counsel from speaking to the Plaintiff. Plaintiff's counsel was denied access to their client, the Plaintiff, and forcibly escorted out of the hospital premises by Defendant Memorial Hermann's Director and Risk Management Officer, Samuel Liong.

# VI.
## CAUSES OF ACTION

*Negligence*

6.1     Plaintiff incorporates each and every allegation of the foregoing paragraphs as if fully set forth herein.

6.2     Defendant Danaos owned, operated, controlled, directed, and managed the **STRIDE** wherein Plaintiff sustained his injuries and damages as described herein.

6.3     Defendant Danaos' negligence, carelessness, and reckless disregard of their duty of care consisted of the following acts and omissions, based on the information currently available to Plaintiffs:

 a.     Failing to provide a safe workplace;

 b.     Failing to communicate;

 c.     Failing to act and correct an open and obvious hazard;

 d.     Failing to warn of a hidden or latent defect of which Defendant Danaos knew or should have known about in the exercise of reasonable care;

 e.     Failing to protect against hazards arising in areas or equipment that remained under Defendant Danaos' active control;

 f.     Failing to intervene;

 g.     Failing to implement, follow and enforce proper safety procedures to protect those working on the STRIDE;

 h.     Violating industry standards and best practices for the safety of its employees;

 i.     Failing to properly train, supervise, monitor, and retain employees, agents, and contractors;

j.      Failing to adequately warn or make safe dangers or conditions of which Defendant Danaos had actual or constructive knowledge of;

k.      Failing to use ordinary care as a reasonable company would under the same or similar circumstances;

l.      Failing to warn Plaintiff of the dangerous conditions;

m.      Vicarious liability for the conduct of Defendant Danaos' employees, agents, and/or representatives;

n.      Failing to comply with industry standards and/or applicable laws, regulations, and/or ordinances; and

o.      Additional and further acts and/or omissions that are learned about during the discovery phase of the subject lawsuits.

Each of these acts and omissions, singularly or in combination with others, constituted negligence and proximately caused the occurrence made the basis of this action, including the injuries, death (in certain cases), emotional trauma, and damages complained of herein.

## VII.
## DAMAGES

7.1    By reason of the occurrences made the basis of this action, including the conduct on the part of Defendant Danaos, Plaintiff has sustained severe bodily injuries. Plaintiff has suffered physical pain and mental anguish and, in reasonable medical probability, will continue to do so for the balance of his natural life.

7.2    As a result of the foregoing injuries, Plaintiff has suffered a loss of wages in the past and a loss of or reduction in the capacity to work and earn money in the future and in reasonable probability, his earning capacity has been impaired permanently.

7.3     Moreover, Plaintiff has incurred reasonable and necessary medical expenses in the past and, in reasonable probability will incur medical expenses in the future.

7.4     Additionally, as a result of the injuries sustained in this occurrence, Plaintiff suffered in the past and will, in reasonable medical probability, continue to suffer permanent physical impairment.

7.5     Pleading further, in the alternative, if it is shown that Plaintiff was suffering from pre-existing injury, disease, and/or condition, then such was aggravated and/or exacerbated as a proximate result of the occurrence made basis of this lawsuit.

7.6     Plaintiff is physically impaired as a result of injuries sustained. This impairment includes permanent and irreversible damage to Plaintiff. As a consequence, he has lost the ability to perform household services and, in reasonable probability, this loss permanent.

7.7     Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiff seeks monetary relief more than $1,000,000.

## VIII.
## JURY DEMAND

8.1     Plaintiff respectfully demands a jury for all issues presented here in. The requisite jury fee accompanies this request.

## IX.
## TRCP 194 – Required Disclosures

9.1     Under Texas Rules of Civil Procedure 194, Plaintiff requests that Defendant disclose the material described in Rule 194.2

## X.
## CONCLUSION

10.1    Plaintiff would show that on the above-mentioned date, he was injured while in the service of a vessel. As a result, Defendant Danaos has and continues to have a non-delegable duty

to provide Plaintiff with the benefit of maintenance and cure. Plaintiff would show that he has not reached maximum medical improvement and that Defendant's duty continues. Defendant has denied payment and/or has unreasonably delayed payments for maintenance and cure and/or has paid maintenance in an insufficient amount. As a result of Defendant's conduct, and Defendant's failure to pay and/or delay paying the benefits of maintenance and care, Plaintiff has suffered further injuries and damages, for which he now sues. Plaintiff would further show that Defendant's failure to provide the benefits of maintenance and cure is not only unreasonable, but is arbitrary and capricious, or willful, callous, and persistent and that as a result thereof, Plaintiff is entitled to an award of attorneys' fees, for which he now sues, in addition to all other relief sough.

10.2     Plaintiff would further show that Defendants' personnel collectively interfered with Plaintiff's medical treatment, refused to investigate and refused to acknowledge Plaintiff was injured. Plaintiff would also show that Defendant knew Plaintiff was injured, but attempted to hide such injuries, and attempted to deny Plaintiff access to his counsel from his attorneys of record.

10.3     Plaintiff would also show that Defendant is guilty of willful and wanton misconduct in failing to provide maintenance and cure. Further, Defendant failed to have adequate equipment available, and failed to have adequately trained personnel directing such work.

**PRAYER**

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that Defendants be cited to appear and required to answer herein accordingly to law, that this cause be set for trial before a jury, that Plaintiff recover judgment of and from said Defendants, jointly and severally, for their actual and special damages in this cause in such amounts as the evidence may show and the Jury may determine to be proper, together with the costs of suit, pre-judgment interest

and post judgment interest, and for all such other and further relief, both in equity and at law, to which Plaintiff may show himself justly entitled.

Respectfully submitted,

**ROBERTS MARKLAND LLP**

By:  */s/ Vanessa D. Gilmore*
Vanessa D. Gilmore
State Bar No. 07960010
Sean A. Roberts
State Bar No. 00797328
Clive Markland
State Bar No. 24027475
Anjali Sharma
State Bar No. 2409443
2555 N. MacGregor Way
Houston, Texas 77004
Telephone: 713.630.0900
Facsimile: 713.630.0991
Email: vg@robertsmarkland.com
Email: cm@robertsmarkland.com
Email: sr@robertsmarkland.com
Email: as@robertsmarkland.com
Email: eservice@robertsmarkland.com
**ATTORNEYS FOR PLAINTIFF**

## DESIGNATED E-SERVICE EMAIL ADDRESS

The following is the designation of electronic service email address for the above attorney(s) for all electronically served documents and notices, filed and unfiled pursuant to Tex. R. Civ. P. 21(f)(2) and 21(a): eservice@robertsmarkland.com. This is the ONLY electronic service email address for the above attorney(s), and service through any other email address will be considered invalid.

EXHIBIT A-2

3/8/2024 12:09 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 85356797
By: Cynthia Clausell-McGowan
Filed: 3/8/2024 12:09 PM

**CAUSE NO. 2024-14985**

| | | |
|---|---|---|
| **HABIBIU OTHMAN KHAMIS,** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **STRIDE, DANAOS CORP.,** | § | |
| **IRONMAN PROTECTION, AND** | § | |
| **MEMORIAL HERMANN HEALTH SYSTEM,** | § | |
| *Defendants*. | § | **164TH JUDICIAL DISTRICT** |

**PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION, JURY DEMAND, AND APPLICATION FOR EMERGENCY TEMPORARY RESTRAINING ORDER UNDER TEX. R. CIV. P. 680**

Plaintiff, HABIBU OTHMAN KHAMIS, in the above-styled and numbered cause, and file this Original Petition, Jury Demand, and Application for Emergency Temporary Restraining Order Under Texas Rule of Civil Procedure 680, complaining of and against STRIDE, DANAOS CORP., IRONMAN PROTECTION, and MEMORIAL HERMANN HEALTH SYSTEM (hereinafter collectively "Defendants"), and would respectfully show unto the Honorable Court and Jury the following:

**I.**
**WHAT THIS CASE IS ABOUT**

1.1     Just under two months ago, on January 8, 2024, Plaintiff Khamis was performing his duties as a crew member on or near a navigable vessel named the "STRIDE" at the Port of Houston. The STRIDE is owned and operated by Defendant Danaos.  On they in question, an explosion and resulting fire erupted killing two crew members and catastrophically injuring the

Plaintiff.[1] Plaintiff has been admitted to Memorial Hermann Hospital in Houston, Texas for treatment for his catastrophic injuries since January 8.

      1.2     On March 6, 2024, yesterday, Plaintiff and his family engaged Roberts Markland LLP by duly executed a Power of Attorney Agreement assigning a portion of Plaintiff's claims and an attorney fee interest.  In accordance with Texas law, the agreement is in writing.

      1.3     On March 7, 2024, Plaintiff's counsel went to Memorial Hermann to visit its client when the attorney(s) were confronted by an agent of of Defendants, someone working for a security company named Ironman, who blockades the door to Plaintiff's hospital room, refusing access to the Plaintiff's attorneys and family.  Defendants' representative continued refusing access after receiving proof that Plaintiff had retained Roberts Markland LLP and that the attorney was employed at the firm.  These brazen acts not only violate the Plaintiff's right to engage counsel, but also violates his HIPPA rights by requiring the Plaintiff's doctors to traverse through a security guard there solely to protect the Defendants.  Further, this situation creates a risk that Defendant is interfering with the Plaintiff's medical care and also illegally obtaining access to the Plaintiff's confidential medial information in violation of HIPPA laws.  Worse, the Defendants' agent forcibly escorted  Plaintiff's counsel from the Hospital premise with the assistance of Memorial Hermann's Director and Risk Management Officer, Samuel Liong.

      1.4     Plaintiff would further show that Defendants' personnel collectively interfered with Plaintiff's medical treatment, refused to investigate and refused to acknowledge Plaintiff was injured. Plaintiff would also show that Defendant knew Plaintiff was injured, but attempted to hide such injuries, and attempted to deny Plaintiff access to his counsel from attorneys of record.

---

[1] Exhibit A. USA Today News Article: 2 Dead, 1 injured in Port Houston.
https://www.usatoday.com/story/news/nation/2024/01/08/port-houston-fire-2-killed-1-injured/72150946007/

1.5     Plaintiff requests an order from this Honorable Court enjoining Defendants from preventing Plaintiff's counsel access to his hospital room.  Even prisoners are allowed to meet with their lawyers and the Plaintiff, here, has committed no crime.  The Court should also make clear in its order that Memorial Hermann, its Director and risk management officer, Samuel Liong, and its nurses, staff, and employees are enjoined from allowing access to their patient, the Plaintiff.

1.6     Plaintiff further requests an order from this Honorable Court enjoining Defendant Memorial Hermann from preventing Plaintiff and Plaintiff's attorneys of record from completing the HIPPA forms.

1.7     Plaintiff  further requests an order from this Honorable Court enjoining Defendant Ironman for preventing Plaintiff's attorney access to their client, Plaintiff Khamis.

1.8     Plaintiff requests an order from this Honorable Court enjoining Defendant Ironman from attempting to remove Plaintiff Khamis from the United States.

1.9     Plaintiff further requests an order from this Honorable Court enjoining the Defendants from disturbing the vessel, to preserve it in its current condition and to allow Plaintiff and his representatives access to do an inspection to determine the cause of the explosion.

1.9     Tex. R. Civ. P. 680 provides:

> **No temporary restraining order shall be granted without notice to the adverse party unless it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before notice can be served and a hearing had thereon.  Every restraining order granted without notice shall be endorsed with the date and hour of issuance; shall be filed forthwith in the clerk's office and entered of record; shall define the injury and state why it is irreparable and why the order was granted without notice; and shall expire by its terms within such time after signing, to exceed fourteen days, as the court fixes, unless within the time so fixed the order, for good cause shown, is extended for a like period or unless the party against whom the order is directed consents that it may be extended for a longer period. The reasons for the extension shall be entered of record.  No more than one extension may be granted unless subsequent extensions are unopposed.**

**In case a temporary restraining order is granted without notice, the application for a temporary injunction shall be set down for hearing at the earliest possible date and takes precedence of all matters except older matters of the same character; and when the application comes on for hearing the party who obtained the temporary restraining order shall proceed with the application temporary injunction and, if he does not do so, the court shall dissolve the temporary restraining order.  On two days' notice to the party who obtained the temporary restraining order without notice or on such shorter notice to that party the court may prescribe, the adverse party may appear and move its dissolution or modification and in that event the court shall proceed to hear and determine such motion as expeditiously as the ends of justice require.**

*Every restraining order shall include an order setting a certain date for hearing on the temporary or permanent injunction sought. (***emphasis added).**

1.10    The Plaintiff respectfully requests an immediate hearing on their application for temporary restraining order and a full hearing on the application for temporary injunction as soon as reasonably practicable after the date of issuance of the temporary restraining order.

1.12    The Plaintiff respectfully requests that if the temporary restraining order is granted by the Court that a reasonable bond be set in the amount of $100.00.

1.13    The facts pled above demonstrate the irreparable harm that Plaintiff will suffer unless the Defendants are enjoined.  The Plaintiff will suffer irreparable harm if he is disallowed from meeting with counsel, and from signing medical authorization forms allowing his counsel to obtain his medical records.  Also, Plaintiff will suffer irreparable harm if the vessel, STRIDE, is disturbed, moved, tampered with.  Further, Plaintiff will be irreparably harmed if he is unable to conduct an inspection to prevent further spoliation of evidence.  Plaintiff will suffer irreparable harm unless Defendant Danaos ordered to (1) prevent the vessel "Stride" from departing the Port of Houston, Texas, (2) to preserve all evidence related to the fire and allow an immediate inspection of the vessel "Stride" involved in the Occurrence; (3) produce any videotapes made at or near the time of the Occurrence; (4) produce any and all GPS data, and repair or maintenance

invoices or receipts; and (5) produce any and all "witness statements" as defined under Tex. R. Civ. P. 192.3(h). Plaintiff respectfully requests an order from this Honorable Court to stop all maintenance, repairs, and/or alterations to the vessel "Stride" so that an inspection of the vessel involved in this incident may be completed.  There is a substantial likelihood that important evidence will deteriorate, and that spoliation of other evidence is likely (i.e., videotape of incident) unless this Honorable Court issues the ex parte relief requested in this application.

## II.

## <u>PARTIES</u>

2.1     Plaintiff, HABIBU OTHMAN KHAMIS, is an individual resident of the Country of Tanzania.

2.2     Defendant IRONMAN PROTECTION (hereinafter, "Ironman") is a non-legal domestic limited liability company that is involuntarily dissolved.

2.3     Defendant DANAOS CORP. (hereinafter, "Danaos"), is a foreign corporation based in Athens, Greece and the owner of the vessel "Stride" on which Plaintiff was employed.

2.4     Defendant STRIDE is Defendant Danaos' vessel and is currently located in the Gulf of Mexico at the Port of Houston in Houston, Texas.

2. 5     Defendant MEMORIAL HERMANN HEALTH SYSTEM (hereinafter, "Memorial Hermann"), is a Domestic Nonprofit Organization conducting business in Harris County, Texas. This Defendant may be served with process by serving its registered agent, C T Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201, or wherever it may be found.

## III.
## VENUE AND JURISDICTION

3.1     This Court has personal and/or in rem jurisdiction over some or all of the Defendants.  The vessel, STRIDE, is currently docked in the Houston Ship Channel.  Defendants are also subject to jurisdiction in Texas because they have purposefully availed themselves to the jurisdiction in this State.  Venue for this case is proper in Harris County, Texas, pursuant to 15.0181 and §15.002(a)(3) of the Texas Civil Practice and Remedies Code because some or all of the acts or omissions complained of occurred in this County.

3.2     The Court has subject matter jurisdiction over this civil action because Plaintiff seeks damages in an amount exceeding the Court's minimum jurisdictional limits. Plaintiff reserves the right to amend the relief sought as more information is discovered throughout discovery.

3.3     Plaintiff is a Tanzanian seaman and brings this action pursuant to Title 46 U.S.C. § 688.

3.4     At all times material hereto, Plaintiff was a crew member assigned to a vessel owned and operated by Defendant and was in the employe of Defendant, acting within the course and scope of his employment as a seaman.

3.5     Stride, a vessel, is currently Harris County, Texas, allowing for in-rem jurisdiction.

## IV.
## DISCOVERY CONTROL PLAN

4.1     Pursuant to Rule 190.3 of the Texas Rules of Civil Procedure, Plaintiff requests a Level 2 Discovery Control Plan.

## V.
## FACTS

5.1     On March 7, 2024, Plaintiff's counsel went to Defendant Memorial Hermann's hospital where Defendant Ironman's employees were in the Plaintiff's hospital room, attempting to elicit information about Plaintiff and his counsel. Despite multiple verbal affirmations by Plaintiff that Roberts Markland is indeed his attorneys of record, Defendant Ironman prevented Plaintiff's counsel from speaking to the Plaintiff. Plaintiff's counsel was denied access to their client, the Plaintiff, and forcibly escorted out of the hospital premises by Defendant Memorial Hermann's Director and Risk Management Officer, Samuel Liong.

## VI.
## CAUSES OF ACTION

*Negligence*

6.1     Plaintiff incorporates each and every allegation of the foregoing paragraphs as if fully set forth herein.

6.2     Defendant Danaos owned, operated, controlled, directed, and managed the **STRIDE** wherein Plaintiff sustained his injuries and damages as described herein.

6.3     Defendant Danaos' negligence, carelessness, and reckless disregard of their duty of care consisted of the following acts and omissions, based on the information currently available to Plaintiffs:

a.     Failing to provide a safe workplace;

b.     Failing to communicate;

c.     Failing to act and correct an open and obvious hazard;

d.     Failing to warn of a hidden or latent defect of which Defendant Danaos knew or should have known about in the exercise of reasonable care;

e.    Failing to protect against hazards arising in areas or equipment that remained under Defendant Danaos' active control;

f.    Failing to intervene;

g.    Failing to implement, follow and enforce proper safety procedures to protect those working on the STRIDE;

h.    Violating industry standards and best practices for the safety of its employees;

i.    Failing to properly train, supervise, monitor, and retain employees, agents, and contractors;

j.    Failing to adequately warn or make safe dangers or conditions of which Defendant Danaos had actual or constructive knowledge of;

k.    Failing to use ordinary care as a reasonable company would under the same or similar circumstances;

l.    Failing to warn Plaintiff of the dangerous conditions;

m.    Vicarious liability for the conduct of Defendant Danaos' employees, agents, and/or representatives;

n.    Failing to comply with industry standards and/or applicable laws, regulations, and/or ordinances; and

o.    Additional and further acts and/or omissions that are learned about during the discovery phase of the subject lawsuits.

Each of these acts and omissions, singularly or in combination with others, constituted negligence and proximately caused the occurrence made the basis of this action, including the injuries, death (in certain cases), emotional trauma, and damages complained of herein.

## VII.
## <u>DAMAGES</u>

7.1     By reason of the occurrences made the basis of this action, including the conduct on the part of Defendant Danaos, Plaintiff has sustained severe bodily injuries. Plaintiff has suffered physical pain and mental anguish and, in reasonable medical probability, will continue to do so for the balance of his natural life.

7.2     As a result of the foregoing injuries, Plaintiff has suffered a loss of wages in the past and a loss of or reduction in the capacity to work and earn money in the future and in reasonable probability, his earning capacity has been impaired permanently.

7.3     Moreover, Plaintiff has incurred reasonable and necessary medical expenses in the past and, in reasonable probability will incur medical expenses in the future.

7.4     Additionally, as a result of the injuries sustained in this occurrence, Plaintiff suffered in the past and will, in reasonable medical probability, continue to suffer permanent physical impairment.

7.5     Pleading further, in the alternative, if it is shown that Plaintiff was suffering from pre-existing injury, disease, and/or condition, then such was aggravated and/or exacerbated as a proximate result of the occurrence made basis of this lawsuit.

7.6     Plaintiff is physically impaired as a result of injuries sustained. This impairment includes permanent and irreversible damage to Plaintiff. As a consequence, he has lost the ability to perform household services and, in reasonable probability, this loss permanent.

7.7     Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiff seeks monetary relief more than $1,000,000.

## VIII.
## JURY DEMAND

8.1     Plaintiff respectfully demands a jury for all issues presented here in. The requisite jury fee accompanies this request.

## IX.
## TRCP 194 – Required Disclosures

9.1     Under Texas Rules of Civil Procedure 194, Plaintiff requests that Defendant disclose the material described in Rule 194.2

## X.
## CONCLUSION

10.1     Plaintiff would show that on the above-mentioned date, he was injured while in the service of a vessel. As a result, Defendant Danaos has and continues to have a non-delegable duty to provide Plaintiff with the benefit of maintenance and cure. Plaintiff would show that he has not reached maximum medical improvement and that Defendant's duty continues. Defendant has denied payment and/or has unreasonably delayed payments for maintenance and cure and/or has paid maintenance in an insufficient amount. As a result of Defendant's conduct, and Defendant's failure to pay and/or delay paying the benefits of maintenance and care, Plaintiff has suffered further injuries and damages, for which he now sues. Plaintiff would further show that Defendant's failure to provide the benefits of maintenance and cure is not only unreasonable, but is arbitrary and capricious, or willful, callous, and persistent and that as a result thereof, Plaintiff is entitled to an award of attorneys' fees, for which he now sues, in addition to all other relief sough.

10.2     Plaintiff would further show that Defendants' personnel collectively interfered with Plaintiff's medical treatment, refused to investigate and refused to acknowledge Plaintiff was injured. Plaintiff would also show that Defendant knew Plaintiff was injured, but attempted to hide such injuries, and attempted to deny Plaintiff access to his counsel from his attorneys of record.

10.3     Plaintiff would also show that Defendant is guilty of willful and wanton misconduct in failing to provide maintenance and cure. Further, Defendant failed to have adequate equipment available, and failed to have adequately trained personnel directing such work.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that Defendants be cited to appear and required to answer herein accordingly to law, that this cause be set for trial before a jury, that Plaintiff recover judgment of and from said Defendants, jointly and severally, for their actual and special damages in this cause in such amounts as the evidence may show and the Jury may determine to be proper, together with the costs of suit, pre-judgment interest and post judgment interest, and for all such other and further relief, both in equity and at law, to which Plaintiff may show himself justly entitled.

Respectfully submitted,

**ROBERTS MARKLAND LLP**

By:     _/s/ Vanessa D. Gilmore_____
Vanessa D. Gilmore
State Bar No. 07960010
Sean A. Roberts
State Bar No. 00797328
Clive Markland
State Bar No. 24027475
Anjali Sharma
State Bar No. 2409443
2555 N. MacGregor Way
Houston, Texas 77004
Telephone: 713.630.0900
Facsimile: 713.630.0991
Email: vg@robertsmarkland.com
Email: cm@robertsmarkland.com
Email: sr@robertsmarkland.com
Email: as@robertsmarkland.com
Email: eservice@robertsmarkland.com
**ATTORNEYS FOR PLAINTIFF**

## **DESIGNATED E-SERVICE EMAIL ADDRESS**

The following is the designation of electronic service email address for the above attorney(s) for all electronically served documents and notices, filed and unfiled pursuant to Tex. R. Civ. P. 21(f)(2) and 21(a): eservice@robertsmarkland.com. This is the ONLY electronic service email address for the above attorney(s), and service through any other email address will be considered invalid.

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Debbie Arnautovic on behalf of Anjali Sharma
Bar No. 24094403
dva@robertsmarkland.com
Envelope ID: 85356797
Filing Code Description: Amended Filing
Filing Description: PLAINTIFFS FIRST AMENDED ORIGINAL PETITION, JURY DEMAND, AND APPLICATION FOR EMERGENCY TEMPORARY RESTRAINING ORDER UNDER TEX. R. CIV. P. 680
Status as of 3/8/2024 12:54 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Sean A.Roberts | | sr@robertsmarkland.com | 3/8/2024 12:09:22 PM | SENT |
| Anjali Sharma | | as@robertsmarkland.com | 3/8/2024 12:09:22 PM | SENT |
| Clive Markland | | cm@robertsmarkland.com | 3/8/2024 12:09:22 PM | SENT |
| Debbie VillasanaArnautovic | | dva@robertsmarkland.com | 3/8/2024 12:09:22 PM | SENT |
| Sabrina Gonzalez | | sg@robertsmarkland.com | 3/8/2024 12:09:22 PM | SENT |

EXHIBIT A-3

3/8/2024 5:54 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 85383221
By: Gerardo Perez
Filed: 3/8/2024 5:54 PM

## CAUSE NO. 2024-14985

| | | |
|---|---|---|
| **HABIBU OTHMAN KHAMIS,** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **STRIDE, DANAOS CORP.,** | § | |
| **IRONMAN PROTECTION LLC, AND** | § | |
| **MEMORIAL HERMANN HEALTH SYSTEM,** | § | |
| *Defendants.* | § | **164TH JUDICIAL DISTRICT** |

## PLAINTIFF'S SECOND AMENDED ORIGINAL PETITION, JURY DEMAND, AND APPLICATION FOR EMERGENCY TEMPORARY RESTRAINING ORDER UNDER TEX. R. CIV. P. 680

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, HABIBU OTHMAN KHAMIS (hereinafter "Khamis" or "Plaintiff"), in the above-styled and numbered cause, and files this Second Amended Original Petition, Jury Demand, and Application for Emergency Temporary Restraining Order Under Texas Rule of Civil Procedure 680, complaining of and against STRIDE, DANAOS CORP., IRONMAN PROTECTION LLC, and MEMORIAL HERMANN HEALTH SYSTEM (hereinafter collectively "Defendants"), and would respectfully show unto the Honorable Court and Jury the following:

## I.
## WHAT THIS CASE IS ABOUT

1.1     Just under two months ago, on January 8, 2024, Plaintiff Khamis was performing his duties as a crew member on or near a navigable vessel named the "STRIDE" at the Port of Houston. The STRIDE is owned and operated by Defendant Danaos.  On they in question, an explosion and resulting fire erupted killing two crew members and catastrophically injuring the

Plaintiff.[1] Plaintiff has been admitted to Memorial Hermann Hospital in Houston, Texas for treatment for his catastrophic injuries since January 8, 2024.

1.2     On March 6, 2024, Plaintiff and his family engaged Roberts Markland LLP by duly executed a Power of Attorney Agreement assigning a portion of Plaintiff's claims and an attorney fee interest.  In accordance with Texas law, the agreement is in writing.

1.3     On March 7, 2024, Plaintiff's counsel went to Memorial Hermann to visit its client when the attorney(s) were confronted by an agent of Defendants, someone working for a security company named Ironman, who blockades the door to Plaintiff's hospital room, refusing access to the Plaintiff's attorneys and family.  Defendants' representative continued refusing access after receiving proof that Plaintiff had retained Roberts Markland LLP and that the attorney was employed at the firm.  These brazen acts not only violate the Plaintiff's right to engage counsel, but also violates his HIPAA rights by requiring the Plaintiff's doctors to traverse through a security guard there solely to protect the Defendants.  Further, this situation creates a risk that Defendants are interfering with the Plaintiff's medical care and by illegally obtaining access to the Plaintiff's confidential medial information in violation of HIPAA laws. Worse, the Defendants' agent forcibly escorted  Plaintiff's counsel from the Hospital premise with the assistance of Memorial Hermann's Director and Risk Management Officer, Samuel Liong.

1.4     Plaintiff would further show that Defendants' personnel collectively interfered with Plaintiff's medical treatment, refused to investigate, and refused to acknowledge Plaintiff was injured. Plaintiff would also show that Defendants knew Plaintiff was injured, but attempted to hide such injuries, and attempted to deny Plaintiff access to his counsel from attorneys of record.

---

[1] Exhibit A. USA Today News Article: 2 Dead, 1 injured in Port Houston.
https://www.usatoday.com/story/news/nation/2024/01/08/port-houston-fire-2-killed-1-injured/72150946007/

1.5     Plaintiff requests an order from this Honorable Court enjoining Defendants from preventing Plaintiff's counsel access to his hospital room.  Even prisoners are allowed to meet with their lawyers and the Plaintiff, here, has committed no crime.  The Court should also make clear in its order that Memorial Hermann, its Director and risk management officer, Samuel Liong, and its nurses, staff, and employees are enjoined from allowing access to their patient, the Plaintiff.

1.6     Plaintiff further requests an order from this Honorable Court enjoining Defendant Memorial Hermann from preventing Plaintiff and Plaintiff's attorneys of record from completing the HIPAA forms.

1.7     Plaintiff  further requests an order from this Honorable Court enjoining Defendant Ironman for preventing Plaintiff's attorney access to their client, Plaintiff Khamis.

1.8     Plaintiff requests an order from this Honorable Court enjoining Defendant Ironman from attempting to remove Plaintiff Khamis from the United States.

1.9     Plaintiff further requests an order from this Honorable Court enjoining the Defendants from disturbing the vessel, to preserve it in its current condition and to allow Plaintiff and his representatives access to do an inspection to determine the cause of the explosion.

1.10    Tex. R. Civ. P. 680 provides:

> **No temporary restraining order shall be granted without notice to the adverse party unless it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before notice can be served and a hearing had thereon.  Every restraining order granted without notice shall be endorsed with the date and hour of issuance; shall be filed forthwith in the clerk's office and entered of record; shall define the injury and state why it is irreparable and why the order was granted without notice; and shall expire by its terms within such time after signing, to exceed fourteen days, as the court fixes, unless within the time so fixed the order, for good cause shown, is extended for a like period or unless the party against whom the order is directed consents that it may be extended for a longer period. The reasons for the extension shall be entered of record.  No more than one extension may be granted unless subsequent extensions are unopposed.**

**In case a temporary restraining order is granted without notice, the application for a temporary injunction shall be set down for hearing at the earliest possible date and takes precedence of all matters except older matters of the same character; and when the application comes on for hearing the party who obtained the temporary restraining order shall proceed with the application temporary injunction and, if he does not do so, the court shall dissolve the temporary restraining order. On two days' notice to the party who obtained the temporary restraining order without notice or on such shorter notice to that party the court may prescribe, the adverse party may appear and move its dissolution or modification and in that event the court shall proceed to hear and determine such motion as expeditiously as the ends of justice require.**

***Every restraining order shall include an order setting a certain date for hearing on the temporary or permanent injunction sought.* (**emphasis added).**

1.11   The Plaintiff respectfully requests an immediate hearing on their application for temporary restraining order and a full hearing on the application for temporary injunction as soon as reasonably practicable after the date of issuance of the temporary restraining order.

1.12   The Plaintiff respectfully requests that if the temporary restraining order is granted by the Court that a reasonable bond be set in the amount of $100.00.

1.13   The facts pled above demonstrate the irreparable harm that Plaintiff will suffer unless the Defendants are enjoined.  The Plaintiff will suffer irreparable harm if he is disallowed from meeting with counsel, and from signing medical authorization forms allowing his counsel to obtain his medical records.  Also, Plaintiff will suffer irreparable harm if the vessel, STRIDE, is disturbed, moved, tampered with.  Further, Plaintiff will be irreparably harmed if he is unable to conduct an inspection to prevent further spoliation of evidence.  Plaintiff will suffer irreparable harm unless Defendant Danaos ordered to (1) prevent the vessel "Stride" from departing the Port of Houston, Texas, (2) to preserve all evidence related to the fire and allow an immediate inspection of the vessel "Stride" involved in the Occurrence; (3) produce any videotapes made at or near the time of the Occurrence; (4) produce any and all GPS data, and repair or maintenance

invoices or receipts; and (5) produce any and all "witness statements" as defined under Tex. R. Civ. P. 192.3(h). Plaintiff respectfully requests an order from this Honorable Court to stop all maintenance, repairs, and/or alterations to the vessel "Stride" so that an inspection of the vessel involved in this incident may be completed.  There is a substantial likelihood that important evidence will deteriorate, and that spoliation of other evidence is likely (i.e., videotape of incident) unless this Honorable Court issues the ex parte relief requested in this application.

## II.
## PARTIES

2.1     Plaintiff, HABIBU OTHMAN KHAMIS, is an individual resident of the Country of Tanzania.

2.2     Defendant IRONMAN PROTECTION LLC (hereinafter, "Ironman") is a non-legal domestic limited liability company that is involuntarily dissolved. This Defendant may be served through its initial registered agent, Dennis D. Walker at 4206 Castledale Drive, Houston Texas 77093, or wherever it may be found.

2.3     Defendant DANAOS CORP. (hereinafter, "Danaos"), is a foreign corporation based in Athens, Greece, and the owner of the vessel "Stride" on which Plaintiff was employed.

2.4     Defendant STRIDE is Defendant Danaos' vessel and is currently located in the Gulf of Mexico at the Port of Houston in Houston, Texas. This Defendant may be served at the port as shown on the image below, or wherever it may be found.



2. 5    Defendant MEMORIAL HERMANN HEALTH SYSTEM (hereinafter, "Memorial Hermann"), is a Domestic Nonprofit Organization conducting business in Harris County, Texas. This Defendant may be served with process by serving its registered agent, C T Corporation System at 1999 Bryan St., Suite 900, Dallas, Texas 75201, or wherever it may be found.

**III.**
**VENUE AND JURISDICTION**

3.1     This Court has personal and/or in rem jurisdiction over some or all of the Defendants.  The vessel, STRIDE, is currently docked in the Houston Ship Channel.  Defendants are also subject to jurisdiction in Texas because they have purposefully availed themselves to the jurisdiction in this State. Venue for this case is proper in Harris County, Texas, pursuant to 15.0181 and §15.002(a)(3) of the Texas Civil Practice and Remedies Code because some or all of the acts or omissions complained of occurred in this County.

3.2     The Court has subject matter jurisdiction over this civil action because Plaintiff seeks damages in an amount exceeding the Court's minimum jurisdictional limits. Plaintiff reserves the right to amend the relief sought as more information is discovered throughout discovery.

3.3     Plaintiff is a Tanzanian seaman and brings this action pursuant to Title 46 U.S.C. § 688.

3.4     At all times material hereto, Plaintiff was a crew member assigned to a vessel owned and operated by Defendant and was in the employee of Defendant, acting within the course and scope of his employment as a seaman.

3.5     Stride, a vessel, is currently Harris County, Texas, allowing for in-rem jurisdiction.

**IV.**
**DISCOVERY CONTROL PLAN**

4.1     Pursuant to Rule 190.3 of the Texas Rules of Civil Procedure, Plaintiff requests a Level 2 Discovery Control Plan.

# V.
# <u>FACTS</u>

5.1    On March 7, 2024, Plaintiff's counsel went to Defendant Memorial Hermann's hospital where Defendant Ironman's employees were in the Plaintiff's hospital room, attempting to elicit information about Plaintiff and his counsel. Despite multiple verbal affirmations by Plaintiff that Roberts Markland is indeed his attorneys of record, Defendant Ironman prevented Plaintiff's counsel from speaking to the Plaintiff. Plaintiff's counsel was denied access to their client, the Plaintiff, and forcibly escorted out of the hospital premises by Defendant Memorial Hermann's Director and Risk Management Officer, Samuel Liong.

5.2    Plaintiff's counsel were confronted by an agent of Defendants, someone working for Defendant Ironman, a security company, who blockades the door to Plaintiff's hospital room, refusing access to the Plaintiff's attorneys and family. Defendants' representative continued refusing access after receiving proof that Plaintiff had retained Roberts Markland LLP and that the attorney was employed at the firm.  These brazen acts not only violate the Plaintiff's right to engage counsel, but also violates his HIPAA rights by requiring the Plaintiff's doctors to traverse through a security guard there solely to protect the Defendants.  Further, this situation creates a risk that Defendants are interfering with the Plaintiff's medical care and by illegally obtaining access to the Plaintiff's confidential medial information in violation of HIPAA laws. Worse, the Defendants' agent forcibly escorted  Plaintiff's counsel from the Hospital premise with the assistance of Memorial Hermann's Director and Risk Management Officer, Samuel Liong.

5.3    Plaintiff would further show that Defendants' personnel collectively interfered with Plaintiff's medical treatment, refused to investigate, and refused to acknowledge Plaintiff was injured. Plaintiff would also show that Defendants knew Plaintiff was injured, but attempted to hide such injuries, and attempted to deny Plaintiff access to his counsel from attorneys of record.

# VI.
## CAUSES OF ACTION

*Negligence*

6.1     Plaintiff incorporates each and every allegation of the foregoing paragraphs as if fully set forth herein.

6.2     Defendant Danaos owned, operated, controlled, directed, and managed the **STRIDE** wherein Plaintiff sustained his injuries and damages as described herein.

6.3     Defendant Danaos' negligence, carelessness, and reckless disregard of their duty of care consisted of the following acts and omissions, based on the information currently available to Plaintiffs:

a.     Failing to provide a safe workplace;

b.     Failing to communicate;

c.     Failing to act and correct an open and obvious hazard;

d.     Failing to warn of a hidden or latent defect of which Defendant Danaos knew or should have known about in the exercise of reasonable care;

e.     Failing to protect against hazards arising in areas or equipment that remained under Defendant Danaos' active control;

f.     Failing to intervene;

g.     Failing to implement, follow and enforce proper safety procedures to protect those working on the STRIDE;

h.     Violating industry standards and best practices for the safety of its employees;

i.     Failing to properly train, supervise, monitor, and retain employees, agents, and contractors;

j.      Failing to adequately warn or make safe dangers or conditions of which Defendant Danaos had actual or constructive knowledge of;

k.      Failing to use ordinary care as a reasonable company would under the same or similar circumstances;

l.      Failing to warn Plaintiff of the dangerous conditions;

m.      Vicarious liability for the conduct of Defendant Danaos' employees, agents, and/or representatives;

n.      Failing to comply with industry standards and/or applicable laws, regulations, and/or ordinances; and

o.      Additional and further acts and/or omissions that are learned about during the discovery phase of the subject lawsuits.

Each of these acts and omissions, singularly or in combination with others, constituted negligence and proximately caused the occurrence made the basis of this action, including the injuries, death (in certain cases), emotional trauma, and damages complained of herein.

## VII.
## DAMAGES

7.1      By reason of the occurrences made the basis of this action, including the conduct on the part of Defendant Danaos, Plaintiff has sustained severe bodily injuries. Plaintiff has suffered physical pain and mental anguish and, in reasonable medical probability, will continue to do so for the balance of his natural life.

7.2      As a result of the foregoing injuries, Plaintiff has suffered a loss of wages in the past and a loss of or reduction in the capacity to work and earn money in the future and in reasonable probability, his earning capacity has been impaired permanently.

7.3      Moreover, Plaintiff has incurred reasonable and necessary medical expenses in the past and, in reasonable probability will incur medical expenses in the future.

7.4     Additionally, as a result of the injuries sustained in this occurrence, Plaintiff suffered in the past and will, in reasonable medical probability, continue to suffer permanent physical impairment.

7.5     Pleading further, in the alternative, if it is shown that Plaintiff was suffering from pre-existing injury, disease, and/or condition, then such was aggravated and/or exacerbated as a proximate result of the occurrence made basis of this lawsuit.

7.6     Plaintiff is physically impaired as a result of injuries sustained. This impairment includes permanent and irreversible damage to Plaintiff. As a consequence, he has lost the ability to perform household services and, in reasonable probability, this loss permanent.

7.7     Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiff seeks monetary relief more than $1,000,000.

## VIII.
## JURY DEMAND

8.1     Plaintiff respectfully demands a jury for all issues presented here in. The requisite jury fee accompanies this request.

## IX.
## TRCP 194 – Required Disclosures

9.1     Under Texas Rules of Civil Procedure 194, Plaintiff requests that Defendant disclose the material described in Rule 194.2.

## X.
## CONCLUSION

10.1     Plaintiff would show that on the above-mentioned date, he was injured while in the service of a vessel. As a result, Defendant Danaos has and continues to have a non-delegable duty to provide Plaintiff with the benefit of maintenance and cure. Plaintiff would show that he has not reached maximum medical improvement and that Defendant's duty continues. Defendant has

denied payment and/or has unreasonably delayed payments for maintenance and cure and/or has paid maintenance in an insufficient amount. As a result of Defendant's conduct, and Defendant's failure to pay and/or delay paying the benefits of maintenance and care, Plaintiff has suffered further injuries and damages, for which he now sues. Plaintiff would further show that Defendant's failure to provide the benefits of maintenance and cure is not only unreasonable, but is arbitrary and capricious, or willful, callous, and persistent and that as a result thereof, Plaintiff is entitled to an award of attorneys' fees, for which he now sues, in addition to all other relief sough.

10.2    Plaintiff would further show that Defendants' personnel collectively interfered with Plaintiff's medical treatment, refused to investigate, and refused to acknowledge Plaintiff was injured. Plaintiff would also show that Defendant knew Plaintiff was injured, but attempted to hide such injuries, and attempted to deny Plaintiff access to his counsel from his attorneys of record.

10.3    Plaintiff would also show that Defendant is guilty of willful and wanton misconduct in failing to provide maintenance and cure. Further, Defendant failed to have adequate equipment available, and failed to have adequately trained personnel directing such work.

## <u>PRAYER</u>

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that Defendants be cited to appear and required to answer herein accordingly to law, that this cause be set for trial before a jury, that Plaintiff recover judgment of and from said Defendants, jointly and severally, for their actual and special damages in this cause in such amounts as the evidence may show and the Jury may determine to be proper, together with the costs of suit, pre-judgment interest and post judgment interest, and for all such other and further relief, both in equity and at law, to which Plaintiff may show himself justly entitled.

Respectfully submitted,

**ROBERTS MARKLAND LLP**

By:   */s/ Vanessa D. Gilmore*
Vanessa D. Gilmore
State Bar No. 07960010
Sean A. Roberts
State Bar No. 00797328
Clive Markland
State Bar No. 24027475
Anjali Sharma
State Bar No. 2409443
2555 N. MacGregor Way
Houston, Texas 77004
Telephone: 713.630.0900
Facsimile: 713.630.0991
Email: vg@robertsmarkland.com
Email: cm@robertsmarkland.com
Email: sr@robertsmarkland.com
Email: as@robertsmarkland.com
Email: eservice@robertsmarkland.com

**ATTORNEYS FOR PLAINTIFF**

**DESIGNATED E-SERVICE EMAIL ADDRESS**

The following is the designation of electronic service email address for the above attorney(s) for all electronically served documents and notices, filed and unfiled pursuant to Tex. R. Civ. P. 21(f)(2) and 21(a): eservice@robertsmarkland.com. This is the ONLY electronic service email address for the above attorney(s), and service through any other email address will be considered invalid.

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Debbie Arnautovic on behalf of Anjali Sharma
Bar No. 24094403
dva@robertsmarkland.com
Envelope ID: 85383221
Filing Code Description: Amended Filing
Filing Description: PLAINTIFFS SECOND AMENDED ORIGINAL
PETITION, JURY DEMAND, AND APPLICATION FOR EMERGENCY
TEMPORARY RESTRAINING ORDER UNDER TEX. R. CIV. P. 680
Status as of 3/11/2024 9:26 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Sean A.Roberts | | sr@robertsmarkland.com | 3/8/2024 5:54:44 PM | SENT |
| Anjali Sharma | | as@robertsmarkland.com | 3/8/2024 5:54:44 PM | SENT |
| Clive Markland | | cm@robertsmarkland.com | 3/8/2024 5:54:44 PM | SENT |
| Debbie VillasanaArnautovic | | dva@robertsmarkland.com | 3/8/2024 5:54:44 PM | SENT |
| Sabrina Gonzalez | | sg@robertsmarkland.com | 3/8/2024 5:54:44 PM | SENT |

EXHIBIT A-4

3/11/2024 4:03 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 85429123
By: Gerardo Perez
Filed: 3/11/2024 4:03 PM

## CAUSE NO. 2024-14985

| | | |
|---|---|---|
| **HABIBU OTHMAN KHAMIS,** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **STRIDE, DANAOS CORP.,** | § | |
| **IRONMAN PROTECTION LLC,** | § | |
| **MEMORIAL HERMANN HEALTH SYSTEM,** | § | |
| **AND COSCO SHIPPING LINES (NORTH** | § | |
| **AMERICA) INC.,** | § | |
| *Defendants.* | § | **164TH JUDICIAL DISTRICT** |

## PLAINTIFF'S THIRD AMENDED ORIGINAL PETITION, JURY DEMAND, AND APPLICATION FOR EMERGENCY TEMPORARY RESTRAINING ORDER UNDER TEX. R. CIV. P. 680

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, HABIBU OTHMAN KHAMIS (hereinafter "Khamis" or "Plaintiff"), in the above-styled and numbered cause, and files this Third Amended Original Petition, Jury Demand, and Application for Emergency Temporary Restraining Order Under Texas Rule of Civil Procedure 680, complaining of and against STRIDE, DANAOS CORP., IRONMAN PROTECTION LLC, MEMORIAL HERMANN HEALTH SYSTEM, and COSCO SHIPPING LINES (NORTH AMERICA) INC., (hereinafter collectively "Defendants"), and would respectfully show unto the Honorable Court and Jury the following:

### I.
### WHAT THIS CASE IS ABOUT

1.1     Just under two months ago, on January 8, 2024, Plaintiff Khamis was performing his duties as a crew member on or near a navigable vessel named the "STRIDE" at the Port of Houston. The STRIDE is owned and operated by Defendant Danaos and was chartered the Defendant Cosco.  On they in question, an explosion and resulting fire erupted killing two crew

members and catastrophically injuring the Plaintiff.[1] Plaintiff has been admitted to Memorial Hermann Hospital in Houston, Texas for treatment for his catastrophic injuries since January 8, 2024.

1.2     On March 6, 2024, Plaintiff and his family engaged Roberts Markland LLP by duly executed a Power of Attorney Agreement assigning a portion of Plaintiff's claims and an attorney fee interest.  In accordance with Texas law, the agreement is in writing.

1.3     On March 7, 2024, Plaintiff's counsel went to Memorial Hermann to visit its client when the attorney(s) were confronted by an agent of Defendants, someone working for a security company named Ironman, who blockades the door to Plaintiff's hospital room, refusing access to the Plaintiff's attorneys and family.  Defendants' representative continued refusing access after receiving proof that Plaintiff had retained Roberts Markland LLP and that the attorney was employed at the firm.  These brazen acts not only violate the Plaintiff's right to engage counsel, but also violates his HIPAA rights by requiring the Plaintiff's doctors to traverse through a security guard there solely to protect the Defendants.  Further, this situation creates a risk that Defendants are interfering with the Plaintiff's medical care and by illegally obtaining access to the Plaintiff's confidential medial information in violation of HIPAA laws.  Worse, the Defendants' agent forcibly escorted  Plaintiff's counsel from the Hospital premise with the assistance of Memorial Hermann's Director and Risk Management Officer, Samuel Liong.

1.4     Plaintiff would further show that Defendants' personnel collectively interfered with Plaintiff's medical treatment, refused to investigate, and refused to acknowledge Plaintiff was injured. Plaintiff would also show that Defendants knew Plaintiff was injured, but attempted to hide such injuries, and attempted to deny Plaintiff access to his counsel from attorneys of record.

---

[1] Exhibit A. USA Today News Article: 2 Dead, 1 injured in Port Houston.
https://www.usatoday.com/story/news/nation/2024/01/08/port-houston-fire-2-killed-1-injured/72150946007/

1.5     Plaintiff requests an order from this Honorable Court enjoining Defendants from preventing Plaintiff's counsel access to his hospital room.  Even prisoners are allowed to meet with their lawyers and the Plaintiff, here, has committed no crime.  The Court should also make clear in its order that Memorial Hermann, its Director and risk management officer, Samuel Liong, and its nurses, staff, and employees are enjoined from allowing access to their patient, the Plaintiff.

1.6     Plaintiff further requests an order from this Honorable Court enjoining Defendant Memorial Hermann from preventing Plaintiff and Plaintiff's attorneys of record from completing the HIPAA forms.

1.7     Plaintiff  further requests an order from this Honorable Court enjoining Defendant Ironman for preventing Plaintiff's attorney access to their client, Plaintiff Khamis.

1.8     Plaintiff requests an order from this Honorable Court enjoining Defendant Ironman from attempting to remove Plaintiff Khamis from the United States.

1.9     Plaintiff further requests an order from this Honorable Court enjoining the Defendants from disturbing the vessel, to preserve it in its current condition and to allow Plaintiff and his representatives access to do an inspection to determine the cause of the explosion.

1.10    Tex. R. Civ. P. 680 provides:

**No temporary restraining order shall be granted without notice to the adverse party unless it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before notice can be served and a hearing had thereon.  Every restraining order granted without notice shall be endorsed with the date and hour of issuance; shall be filed forthwith in the clerk's office and entered of record; shall define the injury and state why it is irreparable and why the order was granted without notice; and shall expire by its terms within such time after signing, to exceed fourteen days, as the court fixes, unless within the time so fixed the order, for good cause shown, is extended for a like period or unless the party against whom the order is directed consents that it may be extended for a longer period. The reasons for the extension shall be entered of record.  No more than one extension may be granted unless subsequent extensions are unopposed.**

**In case a temporary restraining order is granted without notice, the application for a temporary injunction shall be set down for hearing at the earliest possible date and takes precedence of all matters except older matters of the same character; and when the application comes on for hearing the party who obtained the temporary restraining order shall proceed with the application temporary injunction and, if he does not do so, the court shall dissolve the temporary restraining order. On two days' notice to the party who obtained the temporary restraining order without notice or on such shorter notice to that party the court may prescribe, the adverse party may appear and move its dissolution or modification and in that event the court shall proceed to hear and determine such motion as expeditiously as the ends of justice require.**

***Every restraining order shall include an order setting a certain date for hearing on the temporary or permanent injunction sought.* (emphasis added).**

1.11   The Plaintiff respectfully requests an immediate hearing on their application for temporary restraining order and a full hearing on the application for temporary injunction as soon as reasonably practicable after the date of issuance of the temporary restraining order.

1.12   The Plaintiff respectfully requests that if the temporary restraining order is granted by the Court that a reasonable bond be set in the amount of $100.00.

1.13   The facts pled above demonstrate the irreparable harm that Plaintiff will suffer unless the Defendants are enjoined.  The Plaintiff will suffer irreparable harm if he is disallowed from meeting with counsel, and from signing medical authorization forms allowing his counsel to obtain his medical records.  Also, Plaintiff will suffer irreparable harm if the vessel, STRIDE, is disturbed, moved, tampered with.  Further, Plaintiff will be irreparably harmed if he is unable to conduct an inspection to prevent further spoliation of evidence.  Plaintiff will suffer irreparable harm unless Defendant Danaos ordered to (1) prevent the vessel "Stride" from departing the Port of Houston, Texas, (2) to preserve all evidence related to the fire and allow an immediate inspection of the vessel "Stride" involved in the Occurrence; (3) produce any videotapes made at or near the time of the Occurrence; (4) produce any and all GPS data, and repair or maintenance

invoices or receipts; and (5) produce any and all "witness statements" as defined under Tex. R. Civ. P. 192.3(h). Plaintiff respectfully requests an order from this Honorable Court to stop all maintenance, repairs, and/or alterations to the vessel "Stride" so that an inspection of the vessel involved in this incident may be completed.  There is a substantial likelihood that important evidence will deteriorate, and that spoliation of other evidence is likely (i.e., videotape of incident) unless this Honorable Court issues the ex parte relief requested in this application.

## II.
## PARTIES

2.1    Plaintiff, HABIBU OTHMAN KHAMIS, is an individual resident of the Country of Tanzania.

2.2    Defendant IRONMAN PROTECTION LLC (hereinafter, "Ironman") is a non-legal domestic limited liability company that is involuntarily dissolved. This Defendant may be served through its initial registered agent, Dennis D. Walker at 4206 Castledale Drive, Houston Texas 77093, or wherever it may be found.

2.3    Defendant DANAOS CORP. (hereinafter, "Danaos")  is a foreign corporation based in Athens, Greece, and the owner of the vessel "Stride" on which Plaintiff was employed. This Defendant may be served through the secretary of state as its registered agent, or wherever it may be found.

2.4    Defendant STRIDE (hereinafter, "Stride") is Defendant Danaos' vessel and is currently located in the Gulf of Mexico at the Port of Houston in Houston, Texas. This Defendant may be served at the port as shown on the image below, or wherever it may be found.



2. 5    Defendant   MEMORIAL   HERMANN   HEALTH   SYSTEM   (hereinafter, "Memorial Hermann") is a domestic non-profit organization conducting business in Harris County, Texas. This Defendant may be served with process by serving its registered agent, C T Corporation System at 1999 Bryan St., Suite 900, Dallas, Texas 75201, or wherever it may be found.

2.6    Defendant COSCO SHIPPING LINES (NORTH AMERICA) INC. (hereinafter, "Cosco") is a foreign for-profit corporation. This Defendant may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620, Austin, Texas 78701, or wherever it may be found.

### III.
### VENUE AND JURISDICTION

3.1    This Court has personal and/or in rem jurisdiction over some or all of the Defendants.  The vessel, STRIDE, is currently docked in the Houston Ship Channel.  Defendants are also subject to jurisdiction in Texas because they have purposefully availed themselves to the jurisdiction in this State. Venue for this case is proper in Harris County, Texas, pursuant to 15.0181 and §15.002(a)(3) of the Texas Civil Practice and Remedies Code because some or all of the acts or omissions complained of occurred in this County.

3.2    The Court has subject matter jurisdiction over this civil action because Plaintiff seeks damages in an amount exceeding the Court's minimum jurisdictional limits. Plaintiff reserves the right to amend the relief sought as more information is discovered throughout discovery.

3.3    Plaintiff is a Tanzanian seaman and brings this action pursuant to Title 46 U.S.C. § 688.

3.4    At all times material hereto, Plaintiff was a crew member assigned to a vessel owned and operated by Defendant and was in the employee of Defendant, acting within the course and scope of his employment as a seaman.

3.5    Stride, a vessel, is currently Harris County, Texas, allowing for in-rem jurisdiction.

### IV.
### DISCOVERY CONTROL PLAN

4.1    Pursuant to Rule 190.3 of the Texas Rules of Civil Procedure, Plaintiff requests a Level 2 Discovery Control Plan.

## V.
## FACTS

5.1     On March 7, 2024, Plaintiff's counsel went to Defendant Memorial Hermann's hospital where Defendant Ironman's employees were in the Plaintiff's hospital room, attempting to elicit information about Plaintiff and his counsel. Despite multiple verbal affirmations by Plaintiff that Roberts Markland is indeed his attorneys of record, Defendant Ironman prevented Plaintiff's counsel from speaking to the Plaintiff. Plaintiff's counsel was denied access to their client, the Plaintiff, and forcibly escorted out of the hospital premises by Defendant Memorial Hermann's Director and Risk Management Officer, Samuel Liong.

5.2     Plaintiff's counsel were confronted by an agent of Defendants, someone working for Defendant Ironman, a security company, who blockades the door to Plaintiff's hospital room, refusing access to the Plaintiff's attorneys and family. Defendants' representative continued refusing access after receiving proof that Plaintiff had retained Roberts Markland LLP and that the attorney was employed at the firm.  These brazen acts not only violate the Plaintiff's right to engage counsel, but also violates his HIPAA rights by requiring the Plaintiff's doctors to traverse through a security guard there solely to protect the Defendants.  Further, this situation creates a risk that Defendants are interfering with the Plaintiff's medical care and by illegally obtaining access to the Plaintiff's confidential medial information in violation of HIPAA laws. Worse, the Defendants' agent forcibly escorted  Plaintiff's counsel from the Hospital premise with the assistance of Memorial Hermann's Director and Risk Management Officer, Samuel Liong.

5.3     Plaintiff would further show that Defendants' personnel collectively interfered with Plaintiff's medical treatment, refused to investigate, and refused to acknowledge Plaintiff was injured. Plaintiff would also show that Defendants knew Plaintiff was injured, but attempted to hide such injuries, and attempted to deny Plaintiff access to his counsel from attorneys of record.

## VI.
## CAUSES OF ACTION

*Negligence*

6.1     Plaintiff incorporates each and every allegation of the foregoing paragraphs as if fully set forth herein.

6.2     Defendant Danaos owned, operated, controlled, directed, and managed the **STRIDE** wherein Plaintiff sustained his injuries and damages as described herein.

6.3     Defendant Danaos and Cosco's negligence, carelessness, and reckless disregard of their duty of care consisted of the following acts and omissions, based on the information currently available to Plaintiffs:

a.      Failing to provide a safe workplace;

b.      Failing to communicate;

c.      Failing to act and correct an open and obvious hazard;

d.      Failing to warn of a hidden or latent defect of which Defendant Danaos knew or should have known about in the exercise of reasonable care;

e.      Failing to protect against hazards arising in areas or equipment that remained under Defendant Danaos' active control;

f.      Failing to intervene;

g.      Failing to implement, follow and enforce proper safety procedures to protect those working on the STRIDE;

h.      Violating industry standards and best practices for the safety of its employees;

i.      Failing to properly train, supervise, monitor, and retain employees, agents, and contractors;

j.      Failing to adequately warn or make safe dangers or conditions of which Defendant Danaos had actual or constructive knowledge of;

k.      Failing to use ordinary care as a reasonable company would under the same or similar circumstances;

l.      Failing to warn Plaintiff of the dangerous conditions;

m.      Vicarious liability for the conduct of Defendant Danaos' employees, agents, and/or representatives;

n.      Failing to comply with industry standards and/or applicable laws, regulations, and/or ordinances; and

o.      Additional and further acts and/or omissions that are learned about during the discovery phase of the subject lawsuits.

Each of these acts and omissions, singularly or in combination with others, constituted negligence and proximately caused the occurrence made the basis of this action, including the injuries, death (in certain cases), emotional trauma, and damages complained of herein.

**VII.**
**DAMAGES**

7.1     By reason of the occurrences made the basis of this action, including the conduct on the part of Defendant Danaos, Plaintiff has sustained severe bodily injuries. Plaintiff has suffered physical pain and mental anguish and, in reasonable medical probability, will continue to do so for the balance of his natural life.

7.2     As a result of the foregoing injuries, Plaintiff has suffered a loss of wages in the past and a loss of or reduction in the capacity to work and earn money in the future and in reasonable probability, his earning capacity has been impaired permanently.

7.3     Moreover, Plaintiff has incurred reasonable and necessary medical expenses in the past and, in reasonable probability will incur medical expenses in the future.

7.4     Additionally, as a result of the injuries sustained in this occurrence, Plaintiff suffered in the past and will, in reasonable medical probability, continue to suffer permanent physical impairment.

7.5     Pleading further, in the alternative, if it is shown that Plaintiff was suffering from pre-existing injury, disease, and/or condition, then such was aggravated and/or exacerbated as a proximate result of the occurrence made basis of this lawsuit.

7.6     Plaintiff is physically impaired as a result of injuries sustained. This impairment includes permanent and irreversible damage to Plaintiff. As a consequence, he has lost the ability to perform household services and, in reasonable probability, this loss permanent.

7.7     Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiff seeks monetary relief more than $1,000,000.

## VIII.
## JURY DEMAND

8.1     Plaintiff respectfully demands a jury for all issues presented here in. The requisite jury fee accompanies this request.

## IX.
## TRCP 194 – Required Disclosures

9.1     Under Texas Rules of Civil Procedure 194, Plaintiff requests that Defendant disclose the material described in Rule 194.2.

## X.
## CONCLUSION

10.1    Plaintiff would show that on the above-mentioned date, he was injured while in the service of a vessel. As a result, Defendant Danaos has and continues to have a non-delegable duty to provide Plaintiff with the benefit of maintenance and cure. Plaintiff would show that he has not reached maximum medical improvement and that Defendant's duty continues. Defendant has

denied payment and/or has unreasonably delayed payments for maintenance and cure and/or has paid maintenance in an insufficient amount. As a result of Defendant's conduct, and Defendant's failure to pay and/or delay paying the benefits of maintenance and care, Plaintiff has suffered further injuries and damages, for which he now sues. Plaintiff would further show that Defendant's failure to provide the benefits of maintenance and cure is not only unreasonable, but is arbitrary and capricious, or willful, callous, and persistent and that as a result thereof, Plaintiff is entitled to an award of attorneys' fees, for which he now sues, in addition to all other relief sough.

10.2    Plaintiff would further show that Defendants' personnel collectively interfered with Plaintiff's medical treatment, refused to investigate, and refused to acknowledge Plaintiff was injured. Plaintiff would also show that Defendant knew Plaintiff was injured, but attempted to hide such injuries, and attempted to deny Plaintiff access to his counsel from his attorneys of record.

10.3    Plaintiff would also show that Defendant is guilty of willful and wanton misconduct in failing to provide maintenance and cure. Further, Defendant failed to have adequate equipment available, and failed to have adequately trained personnel directing such work.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that Defendants be cited to appear and required to answer herein accordingly to law, that this cause be set for trial before a jury, that Plaintiff recover judgment of and from said Defendants, jointly and severally, for their actual and special damages in this cause in such amounts as the evidence may show and the Jury may determine to be proper, together with the costs of suit, pre-judgment interest and post judgment interest, and for all such other and further relief, both in equity and at law, to which Plaintiff may show himself justly entitled.

Respectfully submitted,

**ROBERTS MARKLAND LLP**

By:   */s/ Vanessa D. Gilmore*
      Vanessa D. Gilmore
      State Bar No. 07960010
      Sean A. Roberts
      State Bar No. 00797328
      Clive Markland
      State Bar No. 24027475
      Anjali Sharma
      State Bar No. 2409443
      2555 N. MacGregor Way
      Houston, Texas 77004
      Telephone: 713.630.0900
      Facsimile: 713.630.0991
      Email: vg@robertsmarkland.com
      Email: sr@robertsmarkland.com
      Email: cm@robertsmarkland.com
      Email: as@robertsmarkland.com
      Email: eservice@robertsmarkland.com

**ATTORNEYS FOR PLAINTIFF**

**<u>DESIGNATED E-SERVICE EMAIL ADDRESS</u>**

The following is the designation of electronic service email address for the above attorney(s) for all electronically served documents and notices, filed and unfiled pursuant to Tex. R. Civ. P. 21(f)(2) and 21(a): eservice@robertsmarkland.com. This is the ONLY electronic service email address for the above attorney(s), and service through any other email address will be considered invalid.

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Debbie Arnautovic on behalf of Anjali Sharma
Bar No. 24094403
dva@robertsmarkland.com
Envelope ID: 85429123
Filing Code Description: Amended Filing
Filing Description: PLAINTIFFS THIRD AMENDED ORIGINAL PETITION, JURY DEMAND, AND APPLICATION FOR EMERGENCY TEMPORARY RESTRAINING ORDER UNDER TEX. R. CIV. P. 680
Status as of 3/11/2024 4:21 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Sean A.Roberts | | sr@robertsmarkland.com | 3/11/2024 4:03:03 PM | SENT |
| Anjali Sharma | | as@robertsmarkland.com | 3/11/2024 4:03:03 PM | SENT |
| Clive Markland | | cm@robertsmarkland.com | 3/11/2024 4:03:03 PM | SENT |
| Debbie VillasanaArnautovic | | dva@robertsmarkland.com | 3/11/2024 4:03:03 PM | SENT |
| Sabrina Gonzalez | | sg@robertsmarkland.com | 3/11/2024 4:03:03 PM | SENT |

EXHIBIT A-5

3/15/2024 7:03 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 85628099
By: Lewis John-Miller
Filed: 3/15/2024 7:03 PM

**CAUSE NO. 2024-14985**

| | | |
|---|---|---|
| **HABIBU OTHMAN KHAMIS,** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **STRIDE, DANAOS CORP.,** | § | |
| **IRONMAN PROTECTION LLC,** | § | |
| **MEMORIAL HERMANN HEALTH SYSTEM,** | § | |
| **AND COSCO SHIPPING LINES (NORTH** | § | |
| **AMERICA) INC.,** | § | |
| *Defendants.* | § | **164TH JUDICIAL DISTRICT** |

**PLAINTIFF'S NOTICE OF NON-SUIT WITHOUT PREJUDICE**
**OF DEFENDANT MEMORIAL HERMANN HEALTH SYSTEMS**

TO THE HONORABLE JUDGE OF SAID COURT:

PLEASE TAKE NOTICE that Plaintiff, Habibu Othman Khamis, announces to this Court that he no longer wishes to pursue his cause of action against Defendant Memorial Hermann Health System. Plaintiff's desire that a Non-Suit without Prejudice be entered for all claims associated with the instant suit of the Defendant, with costs of court borne by the party incurring same.

WHEREFORE PREMISES CONSIDERED, pursuant to the provisions of Tex. R. Civ. P. 162, Plaintiff prays that this Court takes notice of this Non-Suit without Prejudice against the filing of same.

[Signature subsequent in next page]

Respectfully submitted,

**ROBERTS MARKLAND LLP**

By:    */s/ Sean A. Roberts*
       Vanessa D. Gilmore
       State Bar No. 07960010
       Sean A. Roberts
       State Bar No. 00797328
       Clive Markland
       State Bar No. 24027475
       Anjali Sharma
       State Bar No. 2409443
       2555 N. MacGregor Way
       Houston, Texas 77004
       Telephone: 713.630.0900
       Facsimile: 713.630.0991
       Email: vg@robertsmarkland.com
       Email: sr@robertsmarkland.com
       Email: cm@robertsmarkland.com
       Email: as@robertsmarkland.com
       Email: eservice@robertsmarkland.com

       **ATTORNEYS FOR PLAINTIFF**

## DESIGNATED E-SERVICE EMAIL ADDRESS

The following is the designation of electronic service email address for the above attorney(s) for all electronically served documents and notices, filed and unfiled pursuant to Tex. R. Civ. P. 21(f)(2) and 21(a): eservice@robertsmarkland.com. This is the ONLY electronic service email address for the above attorney(s), and service through any other email address will be considered invalid.

       */s/ Anjali Sharma*
       Anjali Sharma

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Sabrina Gonzalez on behalf of Sean Roberts
Bar No. 797328
sg@robertsmarkland.com
Envelope ID: 85628099
Filing Code Description: Notice
Filing Description:
Status as of 3/18/2024 9:16 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Roberts Markland E-Service | | eservice@robertsmarkland.com | 3/15/2024 7:03:39 PM | SENT |
| Sean A.Roberts | | sr@robertsmarkland.com | 3/15/2024 7:03:39 PM | SENT |
| Anjali Sharma | | as@robertsmarkland.com | 3/15/2024 7:03:39 PM | SENT |
| Clive Markland | | cm@robertsmarkland.com | 3/15/2024 7:03:39 PM | SENT |
| Debbie VillasanaArnautovic | | dva@robertsmarkland.com | 3/15/2024 7:03:39 PM | SENT |
| Sabrina Gonzalez | | sg@robertsmarkland.com | 3/15/2024 7:03:39 PM | SENT |