IN UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HABIBU OTHMAN KHAMIS,<br>    *Plaintiff*,<br><br>vs.<br><br>STRIDE, DANAOS CORP.,<br>IRONMAN PROTECTING LLC,<br>MEMORIAL HERMANN HEALTH<br>SYSTEM, AND COSCO SHIPPING<br>LINES (NORTH AMERICA), INC.<br>    *Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 4:24-cv-01001 |

**FIRST AMENDED ANSWER OF DEFENDANT COSCO SHIPPING LINES
(NORTH AMERICA), INC. TO PLAINTIFF'S THIRD AMENDED PETITION,
ORIGINAL CROSSCLAIM, AND ORIGINAL THIRD-PARTY COMPLAINT AND
<u>RULE 14(c) TENDER</u>**

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, defendant COSCO Shipping

Lines (North America), Inc. ("COSCO NA") files this, its First Amended Answer to the claims

made against it by plaintiff Habibu Othman Khamis ("Khamis") contained in Khamis's Third

Amended Petition, and would respectfully show the Court as follows:

**<u>FIRST DEFENSE</u>**

The Third Amended Petition should be dismissed pursuant to Rule 12(b)(2) of the Federal

Rules of Civil Procedure for lack of jurisdiction over the person.

**<u>SECOND DEFENSE</u>**

The Third Amended Petition should be dismissed pursuant to Rule 12(b)(3) of the Federal

Rules of Civil Procedure for lack of venue.

**<u>THIRD DEFENSE</u>**

The Third Amended Petition fails to state a claim upon which relief can be granted within

the meaning of Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## <u>FOURTH DEFENSE</u>

COSCO NA answers the specific allegations contained in the Third Amended Petition as follows:

1.1     COSCO NA denies that it chartered the M/V STRIDE. COSCO NA lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 1.1 of the Third Amended Petition.

1.2     COSCO NA denies any allegations asserted against and/or with respect to it contained in Paragraph 1.2 of the Third Amended Petition. COSCO NA lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 1.2 of the Third Amended Petition.

1.3     COSCO NA denies any allegations asserted against and/or with respect to it contained in Paragraph 1.3 of the Third Amended Petition. COSCO NA lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 1.3 of the Third Amended Petition.

1.4     COSCO NA denies any allegations asserted against and/or with respect to it contained in Paragraph 1.4 of the Third Amended Petition. COSCO NA lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 1.4 of the Third Amended Petition.

1.5     COSCO NA denies any allegations asserted against and/or with respect to it contained in Paragraph 1.5 of the Third Amended Petition. COSCO NA lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 1.5 of the Third Amended Petition.

1.6     To the extent that a response to Paragraph 1.6 of the Third Amended Petition is required, COSCO NA denies any allegations asserted against and/or with respect to it contained in Paragraph 1.6 of the Third Amended Petition. COSCO NA lacks knowledge or information sufficient to form a belief as to the truth of the remainder of any allegations contained in Paragraph 1.6 of the Third Amended Petition.

1.7     To the extent that a response to Paragraph 1.7 of the Third Amended Petition is required, COSCO NA denies any allegations asserted against and/or with respect to it contained in Paragraph 1.7 of the Third Amended Petition. COSCO NA lacks knowledge or information sufficient to form a belief as to the truth of the remainder of any allegations contained in Paragraph 1.7 of the Third Amended Petition.

1.8     To the extent that a response to Paragraph 1.8 of the Third Amended Petition is required, COSCO NA denies any allegations asserted against and/or with respect to it contained in Paragraph 1.8 of the Third Amended Petition. COSCO NA lacks knowledge or information sufficient to form a belief as to the truth of the remainder of any allegations contained in Paragraph 1.8 of the Third Amended Petition.

1.9     To the extent that a response to Paragraph 1.9 of the Third Amended Petition is required, COSCO NA denies any allegations asserted against and/or with respect to it contained in Paragraph 1.9 of the Third Amended Petition. COSCO NA lacks knowledge or information sufficient to form a belief as to the truth of the remainder of any allegations contained in Paragraph 1.9 of the Third Amended Petition.

1.10    To the extent that a response to Paragraph 1.10 of the Third Amended Petition is required, COSCO NA denies any allegations asserted against and/or with respect to it contained in Paragraph 1.10 of the Third Amended Petition. COSCO NA lacks knowledge or information

sufficient to form a belief as to the truth of the remainder of any allegations contained in Paragraph 1.10 of the Third Amended Petition.

1.11    To the extent that a response to Paragraph 1.11 of the Third Amended Petition is required, COSCO NA denies any allegations asserted against and/or with respect to it contained in Paragraph 1.11 of the Third Amended Petition. COSCO NA lacks knowledge or information sufficient to form a belief as to the truth of the remainder of any allegations contained in Paragraph 1.11 of the Third Amended Petition.

1.12    To the extent that a response to Paragraph 1.12 of the Third Amended Petition is required, COSCO NA denies any allegations asserted against and/or with respect to it contained in Paragraph 1.12 of the Third Amended Petition. COSCO NA lacks knowledge or information sufficient to form a belief as to the truth of the remainder of any allegations contained in Paragraph 1.12 of the Third Amended Petition.

1.13    To the extent that a response to Paragraph 1.13 of the Third Amended Petition is required, COSCO NA denies any allegations asserted against and/or with respect to it contained in Paragraph 1.13 of the Third Amended Petition. COSCO NA lacks knowledge or information sufficient to form a belief as to the truth of the remainder of any allegations contained in Paragraph 1.13 of the Third Amended Petition.

2.1    COSCO NA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2.1 of the Third Amended Petition.

2.2    COSCO NA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2.2 of the Third Amended Petition.

2.3    COSCO NA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2.3 of the Third Amended Petition.

2.4     COSCO NA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2.4 of the Third Amended Petition.

2.5     COSCO NA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2.5 of the Third Amended Petition.

2.6     COSCO NA admits that it is a Delaware corporation with a place of business in Secaucus, New Jersey and that it may be served through its registered agent Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701. COSCO NA denies the remainder of any allegations contained in Paragraph 2.6 of the Third Amended Petition.

3.1     COSCO NA denies that this Court has *in rem* or personal jurisdiction over COSCO NA, that COSCO NA has purposely availed itself of the jurisdiction of Texas, and that venue is proper in Harris County. COSCO NA lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 3.1 of the Third Amended Petition.

3.2     COSCO NA admits that the United States District Court for the Southern District of Texas, Houston Division has subject matter jurisdiction over Khamis's claims because all properly joined parties are completely diverse and the amount in controversy exceeds US$75,000.00. COSCO NA denies the remainder of any allegations contained in Paragraph 3.2 of the Third Amended Petition.

3.3     COSCO NA denies the allegations contained in Paragraph 3.3 of the Third Amended Petition.

3.4     COSCO NA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3.4 of the Third Amended Petition.

3.5     COSCO NA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3.5 of the Third Amended Petition.

4.1     To the extent that a response is required to Paragraph 4.1 of the Third Amended Petition, COSCO NA denies any allegations contained in Paragraph 4.1 of the Thid Amended Petition as the matter has been duly removed to federal court.

5.1     COSCO NA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5.1 of the Third Amended Petition.

5.2     COSCO NA denies any allegations asserted against and/or with respect to it contained in Paragraph 5.2 of the Third Amended Original Petition. COSCO NA lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 5.2 of the Third Amended Petition.

5.3     COSCO NA denies any allegations asserted against and/or with respect to it contained in Paragraph 5.3 of the Third Amended Petition. COSCO NA lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 5.3 of the Third Amended Petition.

6.1     In response to Paragraph 6.1 of the Third Amended Petition, COSCO NA repeats and realleges each and every response contained in this First Amended Answer as if set forth herein at length.

6.2     COSCO NA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6.2 of the Third Amended Petition.

6.3     COSCO NA denies any allegations asserted against and/or with respect to it contained in Paragraph 6.3 of the Third Amended Petition. COSCO NA lacks knowledge or

information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 6.3 of the Third Amended Petition.

7.1     COSCO NA denies any allegations asserted against and/or with respect to it contained in Paragraph 7.1 of the Third Amended Original Petition. COSCO NA denies that Khamis has sustained severe bodily injuries and/or suffered physical pain and mental anguish and will continue to do so for the rest of his life. COSCO NA lacks knowledge or information sufficient to form a belief as to the truth of the remainder of any allegations contained in Paragraph 7.1 of the Third Amended Petition.

7.2     COSCO NA denies the allegations contained in Paragraph 7.2 of the Third Amended Petition.

7.3 COSCO NA denies the allegations contained in Paragraph 7.3 of the Third Amended Petition.

7.4     COSCO NA denies the allegations contained in Paragraph 7.4 of the Third Amended Petition.

7.5     COSCO NA denies the allegations contained in Paragraph 7.5 of the Third Amended Petition.

7.6     COSCO NA denies the allegations contained in Paragraph 7.6 of the Third Amended Petition.

7.7     COSCO NA denies the allegations contained in Paragraph 7.7 of the Third Amended Petition and notes that the reliance on the Texas Rules of Civil Procedure is improper because the matter has been duly removed to federal court.

8.1     COSCO NA denies the allegations contained in Paragraph 8.1 of the Third Amended Petition.

9.1     COSCO NA denies the allegations contained in Paragraph 9.1 of the Third Amended Petition and notes that the reliance on the Texas Rules of Civil Procedure is improper because the matter has been duly removed to federal court.

10.1     COSCO NA denies any allegations asserted against and/or with respect to it contained in Paragraph 10.1 of the Third Amended Original Petition. COSCO NA lacks knowledge or information sufficient to form a belief as to the truth of the remainder of any allegations contained in Paragraph 10.1 of the Third Amended Petition.

10.2     COSCO NA denies any allegations asserted against and/or with respect to it contained in Paragraph 10.2 of the Third Amended Petition. COSCO NA lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 10.2 of the Third Amended Petition.

10.3     COSCO NA denies any allegations asserted against and/or with respect to it contained in Paragraph 10.3 of the Third Amended Petition. COSCO NA lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 10.3 of the Third Amended Petition.

## FIFTH DEFENSE

At no time was COSCO NA the charterer of the M/V STRIDE or otherwise involved with the Vessel.

## SIXTH DEFENSE

COSCO NA owes no duty, whether in tort, contract, or otherwise to Khamis. Accordingly, the claims asserted against COSCO NA in the Third-Party Petition must be dismissed.

## SEVENTH DEFENSE

Even if COSCO NA was the time charterer of the M/V STRIDE, which is denied, COSCO NA would owe no duty to Khamis. *See Grand Famous Shipping Ltd. v. China Navigation Co. Pte., Ltd.*, 45 F.4th 799 (5th Cir. 2022).

## EIGHTH DEFENSE

Khamis's alleged injuries and damages, if any, were in no way caused or contributed to by any fault, neglect, or want of due care on the part of COSCO NA.

## NINTH DEFENSE

Khamis's alleged injuries and damages, if any, were proximately caused by his own contributory negligence and comparative fault for which COSCO NA is not liable or responsible.

## TENTH DEFENSE

Khamis's alleged injuries and damages, if any, were proximately caused, in whole or in part, by the negligence of his employer and/or his employer's other employees or agents, for which COSCO NA is not liable or responsible.

## ELEVENTH DEFENSE

Khamis's alleged injuries and damages, if any, were proximately caused, in whole or in part, by the negligence and/or breach of duty of third parties and/or instrumentalities not under the control of COSCO NA and for whom it is not liable or responsible.

## TWELFTH DEFENSE

Khamis's alleged injuries and damages, if any, were proximately caused, in whole or in part, by a superseding, intervening cause or a new and independent cause for which COSCO NA is not liable or responsible.

## THIRTEENTH DEFENSE

Khamis's alleged injuries and damages, if any, are the result in whole or in part of pre-existing and/or subsequently occurring conditions, injuries, illnesses, or diseases unrelated to the alleged incident and for which COSCO NA is not liable or responsible.

## FOURTEENTH DEFENSE

Khamis has failed to properly mitigate his damages, if any. Further, Khamis has failed or avoid the consequences of any damages, which are denied, and any recovery should be barred or reduced accordingly.

## FIFTEENTH DEFENSE

Khamis's damages, if any, were the result of open and obvious conditions and/or Khamis assumed the risks of performing the tasks that led to his injuries.

## SIXTEENTH DEFENSE

If COSCO NA is found liable to Khamis in any amount, which is expressly denied, COSCO NA is entitled to a credit or set-off for any liability assessed to Khamis himself.

## SEVENTEENTH DEFENSE

Khamis's recovery, if any, of medical and/or healthcare expenses incurred is limited to the amount, if any, actually paid or incurred by or on his behalf.

## EIGHTEENTH DEFENSE

Khamis's actions were the sole cause of his injuries or damages, if any.

## NINETEENTH DEFENSE

COSCO NA answers any allegations of malice and/or gross negligence and exemplary damages and punitive damages to the extent such claims are asserted against COSCO NA as follows:

a.  Khamis's claim for malice and exemplary or punitive damages is arbitrary, unreasonable, excessive, and violates COSCO NA's rights to due process of law and equal protection under the Fifth and Fourteenth Amendments to the United States Constitution and under Article 1, Sections 13, 15, and 19 of the Texas Constitution.

b.  Khamis's claim for malice and/or gross negligence and punitive or exemplary damages should be proved beyond a reasonable doubt.

c.  Khamis's claim for malice and/or gross negligence and exemplary or punitive damages violates the separation of powers doctrine, since the Court and/or jury would usurp the exclusive power of the Legislature to define crimes and establish punishment.

d.  Khamis's claim for malice and/or gross negligence and punitive or exemplary damages against COSCO NA should be determined only actual subjective conscious indifference, the existence of which is denied, and not by any objective conscious indifference.

e.  In *Exxon Shipping Company v. Baker*, 554 U.S. 471 (2008), the United States Supreme Court held that an award of exemplary and/or punitive damages must be limited to a 1:1 or less ratio to compensatory damages. While denying that punitive damages are available to Khamis, any award of exemplary and/or punitive damages that is not limited to a 1:1 or less ratio to compensatory damages violates COSCO NA's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution.

## TWENTIETH DEFENSE

This Court is an inconvenient forum for a trial of this action, and accordingly, this action must be dismissed pursuant to the doctrine of *forum non conveniens*.

## CROSSCLAIM

Subject to and without waiving any of the foregoing defenses, including the objections to forum and venue, and pursuant to Federal Rule of Civil Procedure 13, COSCO NA, files these Crossclaims against Danaos Shipping Co. Ltd., sued herein as "Danaos Corp." ("Danaos"), and the M/V STRIDE (the "Vessel"), *in rem*, and would respectfully show the Court as follows:

1.      COSCO NA repeats and realleges each and every allegation, defense, and response contained in its First Amended Answer to Khamis's Third Amended Petition, and as if set forth herein at length.

2.      This Court has subject matter over this dispute pursuant to 28 U.S.C. § 1333 because it is an admiralty and maritime claim as Khamis's alleged injuries arise out of a claimed fire aboard the Vessel, and also, Khamis sued the Vessel, *in rem*. In addition, this Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as the parties are wholly diverse and the amount in controversy exceeds $75,000.00. COSCO NA designates its claims as an admiralty and maritime claims pursuant to Rule 9(h) of the Federal Rules of Civil Procedure.

3.      If Khamis was injured as alleged in the Third Amended Petition, which is specifically denied, then his injuries were proximately caused by the fault, omission, negligence, breach of contract, and/or breach of warranty of co-defendants Danaos and the Vessel, and not due to any fault, omission, negligence, breach of contract, and/or breach of warranty on the part of COSCO NA.

4.      If Khamis is entitled to recover against COSCO NA for matters alleged in the Third Amended Petition, whether by judgment or settlement, then COSCO NA is entitled to recover

indemnity and/or contribution from co-defendants Danaos and the Vessel, *in rem,* for all or an amount of such sums proportionate to their share of fault or liability, if any, so recovered, together with expenses, including reasonable attorneys' fees, costs and interest, in defending against Khamis's action.

5.     That if Khamis is not entitled to recover against COSCO NA, then COSCO NA is entitled to recover indemnity from co-defendants Danaos and the Vessel, *in rem*, for all expenses including reasonable attorneys' fees, costs and interest which COSCO NA expended in defending against Khamis's action.

## THIRD-PARTY COMPLAINT AND RULE 14(c) TENDER

Subject to and without waiving any of the foregoing defenses, including the objections to forum and venue, and pursuant to Federal Rule of Civil Procedure 14, COSCO NA, files this Third-Party Complaint against Speedcarrier (No. 3) Corp. ("Speedcarrier") and would respectfully show the Court as follows:

1.     COSCO NA repeats and realleges each and every allegation, defense, and response contained in its First Amended Answer to Khamis's Third Amended Petition and Crossclaim against Danaos and the Vessel, *in rem*, as if set forth herein at length.

2.     This Third-Party Complaint is filed pursuant to Rule 14(c) of the Federal Rules of Civil Procedure.[1] Pursuant to Rule 14(c), third-party plaintiff COSCO NA asserts a third-party demand and tenders Speedcarrier to Khamis, who as tendered third-party defendants must defend against Khamis's claims under Federal Rule of Civil Procedure 12 as if Khamis had sued both the tendered third-party defendants and the third-party plaintiff. *See* Fed. R. Civ. P. 14(c)(2).  Pursuant

---

[1]COSCO NA asserts that Khamis has plead claims cognizable only in admiralty and maritime in his Third Amended Petition because he named the Vessel, *in rem*, as a defendant. Accordingly, this is an admiralty and maritime claim pursuant to Federal Rule of Civil Procedure 9(h).

to Rules 4, 12, and 14(c) of the Federal Rules of Civil Procedure, COSCO NA demands that the Plaintiff assert his claims directly against the tendered third-party defendants.

3.      At all material times, Speedcarrier was a business entity organized and existing under the laws of a foreign country, maintained an address located at 80 Broad Street, Monrovia Liberia, was the registered owner of the Vessel, and was Khamis's employer.

4.      Upon information and belief, at all material times, Speedcarrier also employed the other crewmembers aboard the Vessel.

5.      The claimed fire that allegedly injured Khamis occurred in the Vessel's engine room on or about January 8, 2024. At all material times, Danaos, Speedcarrier, and their agents and employees, including Khamis, were in the exclusive control of the engine room.

6.      If Khamis was injured as alleged in the Third Amended Petition, which is specifically denied, then his injuries were proximately caused by the fault, omission, negligence, breach of contract, and/or breach of warranty of third-party defendant Speedcarrier, and not due to any fault, omission, negligence, breach of contract, and/or breach of warranty on the part of COSCO NA.

7.      If Khamis is entitled to recover against COSCO NA for matters alleged in the Third Amended Petition, whether by judgment or settlement, then COSCO NA is entitled to recover indemnity and/or contribution from third-party defendant Speed Carrier for all or an amount of such sums proportionate to its share of fault or liability, if any, so recovered, together with expenses, including reasonable attorneys' fees, costs and interest, in defending against Khamis's action.

8.      That if Khamis is not entitled to recover against COSCO NA, then COSCO NA is entitled to recover indemnity from third-party defendants Speed Carrier for all expenses including

reasonable attorneys' fees, costs and interest which COSCO NA expended in defending against Khamis's action.

**WHEREFORE, PREMISES CONSIDERED**, defendant COSCO Shipping Lines (North America), Inc. demands:

(a) judgment dismissing plaintiff Habibu Othman Khamis's Third Amended Petition as against COSCO Shipping Lines (North America), Inc., and awarding costs, disbursements, and reasonable attorney's fees to COSCO Shipping Lines (North America), Inc.;

(b) judgment be entered in favor of COSCO Shipping Lines (North America), Inc. on the crossclaims against defendants/cross-defendants Danaos Shipping Co. Ltd. and the M/V STRIDE, *in rem*, herein together with the costs and disbursements of this action including reasonable attorney's fees plus interest;

(c) judgment be entered in favor of COSCO Shipping Lines (North America), Inc. on the third-party claims against third-party defendant Speedcarrier (No. 3) Corp. herein together with the costs and disbursements of this action including reasonable attorney's fees plus interest; and

(d) that the Court direct such other and further relief to which COSCO Shipping Lines (North America), Inc. may show itself justly entitled.

Respectfully submitted,

ROYSTON RAYZOR VICKERY & WILLIAMS LLP

By: /s/ Richard A. Branca
    Richard A. Branca
    Federal I.D. No. 828076
    Texas State Bar No. 24067177
    1415 Louisiana Street, Suite 4200
    Houston, Texas 77002

                                    Telephone: (713) 224-8380
                                    Facsimile: (713) 225-9945
                                    richard.branca@roystonlaw.com

                     **ATTORNEYS FOR DEFENDANT
                     COSCO SHIPPING LINES (NORTH
                     AMERICA), INC.**

OF COUNSEL:

ROYSTON RAYZOR VICKERY & WILLIAMS LLP

<u>**CERTIFICATE OF SERVICE**</u>

I certify that on this 14th day of April, 2024, a true and correct copy of the foregoing document was served on all parties of record by either ECF, facsimile transmission, certified mail, regular mail and/or electronic transmission.

***Via Electronic Filing System***

Vanessa D. Gilmore
Sean A. Roberts
Clive Markland
Anjali Sharma
Roberts Markland LLP
2555 N. MacGregor Way
Houston, Texas 77004
vg@robertsmarkland.com
sr@robertsmarkland.com
cm@robertsmarkland.com
as@robertsmarkland.com
***Attorneys for Plaintiff***

Jacob C. Soto
Kelly C. Hartmann
Trenton J. Wallis
Galloway, Johnson, Tompkins, Burr & Smith
1301 McKinney Street, Suite 1400
Houston, Texas 77010
jcsoto@gallowaylawfirm.com
khartmann@gallowaylawfirm.com
twallis@gallowaylawfirm.com
***Attorneys for Defendants***
***Danaos Shipping Co. Ltd. and the M/V STRIDE***

*/s/  Richard A. Branca*
Richard A. Branca