## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **HABIBU OTHMAN KHAMIS,** | § | |
| *Plaintiff,* | § | **Civil Action No. 4:24-cv-1001** |
| | § | |
| **v.** | § | |
| | § | |
| **STRIDE, DANAOS CORP.,** | § | |
| **IRONMAN PROTECTION LLC,** | § | |
| **COSCO SHIPPING LINES (NORTH** | § | |
| **AMERICA) INC., AND BUFFALO** | § | |
| **MARINE SERVICE, INC.,** | § | |
| *Defendants.* | § | |

### PLAINTIFF HABIBU OTHMAN KHAMIS' FIRST AMENDED COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, HABIBU OTHMAN KHAMIS, Plaintiff (hereinafter, "Plaintiff") filing his First Amended Complaint, complaining of and against Defendants M/V STRIDE ("STRIDE"), Danaos Corp. ("Danaos"), Ironman Protection LLC ("Ironman"), Cosco Shipping Lines (NORTH AMERICA) Inc. ("Cosco") and Buffalo Marine Service Inc. ("Buffalo"), and would respectfully show unto this Court as follows:

# I.
## PARTIES

1.      PLAINTIFF, HABIBU OTHMAN KHAMIS, is domiciled in the Country of Tanzania. Plaintiff is currently receiving medical care in Houston, Harris County, Texas and has been since the date of the occurrence.

2.      DEFENDANT, IRONMAN PROTECTION LLC (hereinafter, "Ironman") is a non-legal domestic limited liability company that is involuntarily dissolved. This Defendant may be served through its initial registered agent, Dennis D. Walker at 4206 Castledale Drive, Houston Texas 77093, or wherever it may be found.

3.      DEFENDANT, DANAOS CORP. (hereinafter, "Danaos") is a foreign corporation based in Athens, Greece, and the owner of the vessel "Stride" on which Plaintiff was employed.  This Party has appeared herein through counsel.

4.      DEFENDANT, STRIDE is Defendant Danaos' vessel and is currently located in the Gulf of Mexico at the Port of Houston in Houston, Texas. This Party has appeared herein through counsel.

5.      DEFENDANT, COSCO SHIPPING LINES (NORTH AMERICA) INC. (hereinafter, "Cosco") is a foreign for-profit corporation.  This Defendant is registered to do business in the state of Texas. This Party has appeared herein through counsel.

6.     DEFENDANT, BUFFALO MARINE SERVICES INC. ("Buffalo") is a Domestic For-Profit Corporation. This Defendant is registered to do business in the State of Texas. This Defendant may be served with process by serving its registered agent, Patrick J Studdert at 8201 Erath Street, Houston, Texas 77012.

## II.
## JURISDICTION

7.     This Court does not have jurisdiction over this matter due to the presence of two Texas Defendants. Pursuant to 28 U.S.C. § 1441(b)(2), a civil action otherwise removable solely on the basis of diversity jurisdiction may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought. Both Defendants Ironman Protection, LLC and Buffalo Marine Service, Inc. are corporate residents of Houston, Texas. All Defendants are subject to jurisdiction in Texas state court.

## III.
## VENUE

8.     Venue for this case is proper in Harris County, Texas, pursuant to § 15.0181 and § 15.002(a)(3) of the Texas Civil Practice and Remedies Code because some or all of the acts or omissions complained of occurred in this County.

## IV.
## FACTS

9.     On January 8, 2024, Plaintiff Khamis was performing his duties as a crew member on a navigable vessel named the "STRIDE" at the Port of Houston.

The STRIDE is owned and operated by Defendant Danaos and was chartered the Defendant Cosco.  On the day in question, an explosion and resulting fire erupted killing two crew members and catastrophically injuring the Plaintiff.[1] Plaintiff has been admitted to Memorial Hermann Hospital in Houston, Texas for treatment for his catastrophic injuries since January 8, 2024. Plaintiff was transferred on March 15, 2024 to River Oaks Hospital.

10.    Just prior to being transferred, on March 6, 2024, Plaintiff and his family engaged Roberts Markland LLP by duly executed a Power of Attorney Agreement assigning a portion of Plaintiff's claims and an attorney fee interest.  In accordance with Texas law, the agreement is in writing.

11.    On March 7, 2024, Plaintiff's counsel visited its client when the attorney(s) were confronted by an agent of Defendants, someone working for Ironman. The Ironman employee blockaded the door to Plaintiff's hospital room and refused access to the Plaintiff's attorneys and family.  Defendants' agent continued refusing access after receiving proof that Plaintiff had retained Roberts Markland LLP and that the attorney was employed at the firm.  These brazen acts not only violate the Plaintiff's right to engage counsel, but also violated his HIPAA rights by requiring the Plaintiff's doctors to traverse through a security guard there solely to

---

[1] Exhibit A. USA Today News Article: 2 Dead, 1 injured in Port Houston.
https://www.usatoday.com/story/news/nation/2024/01/08/port-houston-fire-2-killed-1-injured/72150946007/

protect the interests of the Defendants.  Further, the Defendant's conduct created a substantial risk that Defendants were interfering with the Plaintiff's medical care. Further, by illegally obtaining access to the Plaintiff's confidential medical information in violation of HIPAA laws.  Defendants wrongfully inserted themselves into medical decisions and treatment that made Plaintiff's medical condition worse. The Defendants' agent forcibly escorted Plaintiff's counsel from the Hospital premise with the consent of Memorial Hermann's Director and Risk Management Officer, Samuel Liong.

12.    Plaintiff would further show that Defendants' personnel collectively interfered with Plaintiff's medical treatment, refused to investigate, and refused to acknowledge Plaintiff was injured. Plaintiff would also show that Defendants knew Plaintiff was injured, but attempted to hide such injuries, and attempted to deny Plaintiff access to his counsel.

13.    All of the above conduct proximately cause the Plaintiffs life-changing, permanent injuries for which he seeks compensation in this lawsuit.

**V.**
**<u>CAUSES OF ACTION</u>**

**<u>Against Defendants STRIDE, Danaos, Cosco, and Buffalo Marine</u>**

***Negligence***

14.    Plaintiff incorporates each and every allegation of the foregoing paragraphs as fully set forth herein.

15.     Defendant Danaos owned, operated, controlled, directed, and managed the STRIDE wherein Plaintiff sustained his injuries and damages described herein.

16.     Defendant Danaos, Cosco's, and Buffalo Marine's negligence, carelessness, and reckless disregard of their duty of care consisted of the following acts and omissions, based on the information currently available to Plaintiffs:

   a.  Failing to provide a safe workplace;

   b.  Failing to communicate

   c.  Failing to act and correct and open and obvious hazard;

   d.  Failing to warn of a hidden or latent defect of which Defendant Danaos knew or should have known about in the exercise of reasonable care.

   e.  Failing to protect against hazards arising in areas or equipment that remained under Defendant Danaos' active control;

   f.  Failing to intervene;

   g.  Failing to implement, follow and enforce proper safety procedures to protect those working on the STRIDE;

   h.  Failing to use ordinary care in the refueling of the vessel M/V STRIDE;

   i.  Violating industry standards and best practices for the safety of its employees;

j.  Failing to properly train, supervise, monitor, and retain employees, agents, and contractors;

k.  Failing to adequately warn or make safe dangers or conditions of which Defendants Danaos, Cosco, and Buffalo Marine had actual or constructive knowledge of;

l.  Failing to use ordinary care as a reasonable company would under the same or similar circumstances;

m. Failing to warn Plaintiff of the dangerous conditions;

n.  Vicarious liability for the conduct of Defendant Danaos' employees, agents, and/or representatives;

o.  Failing to comply with industry standards and/or applicable laws, regulations, and/or ordinances; and

p.  Additional and further acts and/or omissions that are learned about during the discovery phase of the subject lawsuits.

### Against Defendant Ironman Protection LLC

17.   Defendant Ironman's negligent and intentional conduct consisted of the following acts and omissions, based on the information currently available to Plaintiff.

a.  Tortious interference with the right to the attorney-client relationship and attorney-client conference

b.  Intentional infliction of emotional distress;

c.  Aiding and abetting Defendant Danaos in attempting to remove Plaintiff from the United States despite his critical condition;

d.  Aiding and abetting Defendant Danaos in circumventing Plaintiff's medical care;

e.  Aiding and assisting Defendant Danaos in attempting to deny Plaintiff his right to bring suit against the collective Defendants

f.  Additional and further acts and/or omissions that are learned about during the discovery phase of the subject lawsuits.

## VI.
## <u>DAMAGES</u>

18.     By reason of the occurrences made the basis of this action, including the conduct on the part of Defendants, Plaintiff has sustained severe bodily injuries. Plaintiff has suffered physical pain and mental anguish and, in reasonable medical probability, will continue to do so for the balance of his natural life.

19.     As a result of the foregoing injuries, Plaintiff has suffered a loss of wages in the past and a loss of or reduction in the capacity to work and earn money in the future and in reasonable probability, his earning capacity has been impaired permanently.

20.     Moreover, Plaintiff has incurred reasonable and necessary medical expenses in the past and, in reasonable probability will incur medical expenses in the future.

21.     Additionally, as a result of the injuries sustained in this occurrence, Plaintiff suffered in the past and will, in reasonable medical probability, continue to suffer permanent physical impairment.

22.     Pleading further, in the alternative, if it is shown that Plaintiff was suffering from pre-existing injury, disease, and/or condition, then such was aggravated and/or exacerbated as a proximate result of the occurrence made basis of this lawsuit.

23.     Plaintiff is physically impaired and disfigured as a result of injuries sustained. This impairment includes permanent and irreversible damage to Plaintiff. As a consequence, he has lost the ability to perform household services and, in reasonable probability, this loss permanent.

24.     Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiff seeks monetary relief more than $1,000,000.

## VII.
## <u>JURY DEMAND</u>

25.     Plaintiff respectfully demands a jury for all issues presented herein. The requisite jury fee accompanies this request.

## VIII.
## <u>MAINTENANCE & CURE</u>

26.     Plaintiff would show that on the above-mentioned date, he was injured while in the service of a vessel. As a result, Defendant Danaos has and continues to have a non-delegable duty to provide Plaintiff with the benefit of maintenance and cure. Plaintiff would show that he has not reached maximum medical improvement and that Defendant's duty continues. Defendant Danaos has denied payment and/or has unreasonably delayed payments for maintenance and cure and/or has paid maintenance in an insufficient amount. As a result of Defendant Danaos' conduct, failure to pay and/or delay paying the benefits of maintenance and care, Plaintiff has suffered further injuries and damages, for which he now sues. Plaintiff would further show that Defendant Danaos' failure to provide the benefits of maintenance and cure is not only unreasonable, but is arbitrary and capricious, or willful, callous, and persistent and that as a result thereof, Plaintiff is entitled to an award of attorneys' fees, for which he now sues, in addition to all other relief sought.

27.     Plaintiff would further show that Defendants' agents collectively interfered with Plaintiff's medical treatment, refused to investigate, and refused to acknowledge Plaintiff was injured. Plaintiff would also show that Defendant Danaos knew Plaintiff was injured, but attempted to hide such injuries, and attempted to deny Plaintiff access to his counsel.

28.     Plaintiff would also show that Defendant Danaos is guilty of willful and wanton misconduct in failing to provide maintenance and cure. Further, Defendant Danaos failed to have adequate equipment available, and failed to have adequately trained personnel directing such work.

## **PRAYER**

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that Defendants be cited to appear and required to answer herein accordingly to law, that this cause be set for trial before a jury, that Plaintiff recover judgment of and from said Defendants, jointly and severally, for their actual and special damages in this cause in such amounts as the evidence may show and the Jury may determine to be proper, together with the costs of suit, pre-judgment interest and post judgment interest, and for all such other and further relief, both in equity and at law, to which Plaintiff may show himself justly entitled.

Respectfully submitted,

**ROBERTS MARKLAND LLP**

By:   */s/  Vanessa Gilmore*
Vanessa Gilmore
Federal Bar No. 7679
Sean A. Roberts
Federal Bar No. 28177
Nathan Mays
Federal Bar No. 32780
Anjali Sharma
Federal Bar No. 3321450
2555 N. MacGregor Way
Houston, Texas 77004
Telephone: 713.630.0900
Facsimile: 713.630.0991
Email: vg@robertsmarkland.com
Email: sr@robertsmarkland.com
Email: nm@robertsmarkland.com
Email: as@robertsmarkland.com

**ATTORNEYS FOR PLAINTIFF**

## DESIGNATED E-SERVICE EMAIL ADDRESS

The following is the designation of electronic service email address for the above attorney(s) for all electronically served documents and notices, filed and unfiled pursuant to Tex. R. Civ. P. 21(f)(2) and 21(a): eservice@robertsmarkland.com. This is the ONLY electronic service email address for the above attorney(s), and service through any other email address will be considered invalid.

## CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send an email notification of this filing to all registered parties.