**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **HABIBU OTHMAN KHAMIS,**<br>*Plaintiff,*<br><br>**V.**<br><br>**STRIDE, DANAOS CORP., IRONMAN PROTECTION LLC, MEMORIAL HERMANN HEALTH SYSTEM, AND COSCO SHIPPING LINES (NORTH AMERICA) INC.,**<br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **CIVIL ACTION NO. 4:24-cv-1001** |

**DEFENDANT, DANAOS SHIPPING CO.'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT SUBJECT TO ITS REVIOUSLY FILED MOTION TO DISMISS FOR IMPROPER VENUE AND FORUM NON CONVENIENS**

Defendant Danaos Shipping Co., Ltd. ("Danaos") (incorrectly identified as "Danaos Corp") files this Original Answer and Affirmative Defenses to Plaintiff's First Amended Complaint[1] (hereinafter referred to as the "Complaint"), subject to Danaos' previously filed Motion to Dismiss[2], pursuant to Federal Rule of Civil Procedure 12(b)(3) and the doctrine of *forum non conveniens*, and would respectfully show unto the Court as follows:

**INITIAL DEFENSE**

Plaintiff's Complaint should be dismissed pursuant Rules 12(b)(3) and 12(b)(6) of the Federal Rules of Civil Procedure for improper venue and failure to state a claim against Danaos upon which relief can be granted. Plaintiff's complaint should also be dismissed under the doctrine of *forum non conveniens*.

**SECOND DEFENSES**

[1] Doc. No. 36.
[2] Doc. No. 2.

1. The allegations in Paragraph 1 of Plaintiff's Complaint are denied for lack of information sufficient to form a belief as to the truth of the matters asserted therein.

2. The allegations in Paragraph 2 of Plaintiff's Complaint are denied for lack of information sufficient to form a belief as to the truth of the matters asserted therein.

3. The allegations in Paragraph 3 of Plaintiff's Complaint are denied to the extent that DANAOS CORP. is not a proper party to this matter. Danaos also denies that it was the "owner" of the M/V STRIDE because "owner" is vague and ambiguous.

4. The allegations in Paragraph 4 of Plaintiff's Complaint are denied because the phrase "Defendant STRIDE is Defendant Danaos' vessel" is vague and ambiguous.

5. The allegations in Paragraph 5 of Plaintiff's Complaint are denied for lack of information sufficient to form a belief as to the truth of the matters asserted therein.

6. The allegations in Paragraph 6 of Plaintiff's Complaint are denied for lack of information sufficient to form a belief as to the truth of the matters asserted therein.

7. The allegations in Paragraph 7 of Plaintiff's Complaint are denied for lack of information sufficient to form a belief as to the truth of the matters asserted therein and because the state courts of Texas do not have personal and/or in rem jurisdiction over Danaos or the M/V STRIDE.

8. The allegations in Paragraph 8 of Plaintiff's Complaint are denied for lack of information sufficient to form a belief as to the truth of the matters asserted therein. While Plaintiff contends that venue is suitable in this district because certain actions or oversights allegedly transpired here, the forum for Plaintiff's lawsuit is governed by a valid forum-selection clause in his maritime employment agreement with Danaos. The forum-selection clause designates Greece as the proper venue for resolving disputes arising from the contract,

superseding any claims of venue based on the location of alleged acts or omissions. Consequently, the inclusion of the forum-selection clause renders venue in this district inappropriate.

9. In response to the allegations in Paragraph 9 of Plaintiff's Complaint, Danaos admits that Plaintiff was a member of the M/V STRIDE's crew on or about January 8, 2024, pursuant to the Agreement between Plaintiff and Danaos. Danaos also admits that Plaintiff was admitted to Memorial Hermann Hospital following the incident. Danaos denies that it "owned and operated" the M/V STRIDE at the time of the incident because "owned and operated" is compound, vague, and ambiguous. Danaos further denies that the M/V STRIDE was "chartered by" defendant Cosco. The remaining allegations in Paragraph 9 of Plaintiff's Complaint are denied for lack of information sufficient to form a belief as to the truth of the matters asserted therein.

10. Danaos denies the allegations in Paragraph 10 of Plaintiff's Complaint because of lack of information sufficient to form a belief as to the truth of the matters asserted therein.

11. The allegations contained in Paragraph 11 of Plaintiff's Complaint are denied as written.

12. The allegations contained in Paragraph 12 of Plaintiff's Complaint are denied as written.

13. Danaos denies the allegations in Paragraph 13 of Plaintiff's Complaint because of lack of information sufficient to form a belief as to the truth of the matters asserted therein.

14. Danaos denies all of the allegations and that Plaintiff is entitled to any of the relief requested in Paragraph 14 of Plaintiff's Complaint.

15. In response to the allegations in Paragraph 15 of Plaintiff's Complaint, Danaos denies that it "owned, operated, controlled directed, and managed" the M/V STRIDE because that phrase is vague and ambiguous. Danaos denies all of the allegations and that Plaintiff is entitled to any of the relief requested in Paragraph 15 of Plaintiff's Complaint.

16. Danaos denies all of the allegations and that Plaintiff is entitled to any of the relief requested in Paragraph 16 of Plaintiff's Complaint.

17. Danaos denies all of the allegations and that Plaintiff is entitled to any of the relief requested in Paragraph 17 of Plaintiff's Complaint.

18. Danaos denies all of the allegations and that Plaintiff is entitled to any of the relief requested in Paragraph 18 of Plaintiff's Complaint.

19. Danaos denies all of the allegations and that Plaintiff is entitled to any of the relief requested in Paragraph 19 of Plaintiff's Complaint.

20. Danaos denies all of the allegations and that Plaintiff is entitled to any of the relief requested in Paragraph 20 of Plaintiff's Complaint.

21. Danaos denies all of the allegations and that Plaintiff is entitled to any of the relief requested in Paragraph 21 of Plaintiff's Complaint.

22. Danaos denies all of the allegations and that Plaintiff is entitled to any of the relief requested in Paragraph 22 of Plaintiff's Complaint.

23. Danaos denies all of the allegations and that Plaintiff is entitled to any of the relief requested in Paragraph 23 of Plaintiff's Complaint.

24. The allegations in Paragraph 24 of Plaintiff's Complaint regarding Rule 47(c) of the Texas Rules of Civil Procedure are improper because the Texas Rules of Civil Procedure are

no longer applicable to this action and do not require an admission or denial from Danaos, but, to the extent a response is required, the allegations are denied.

25. The allegations in Paragraph 25 of Plaintiff's Complaint are denied.

26. The allegations in Paragraph 26 of Plaintiff's Complaint are denied for lack of information sufficient to form a belief as to the truth of the matters asserted therein. Danaos further denies that Plaintiff is entitled to any of the relief requested in Paragraph 26.

27. The allegations in Paragraph 27 of Plaintiff's Complaint are denied for lack of information sufficient to form a belief as to the truth of the matters asserted therein.

28. The allegations in Paragraph 28 of Plaintiff's Complaint are denied for lack of information sufficient to form a belief as to the truth of the matters asserted therein. Danaos further denies that Plaintiff is entitled to any of the relief requested in Paragraph 28.

## AFFIRMATIVE DEFENSES

29. Subject to and without waiving the other defenses available to Danaos, Danaos would show that if Plaintiff were injured as alleged, which is not admitted but is expressly denied, such injuries were caused or contributed to by his own negligence or other legal fault.

30. Subject to and without waiving the other defenses available to Danaos, Danaos would show that if Plaintiff were injured as alleged, which is not admitted but is expressly denied, any such injuries were caused or contributed to by the negligence or other legal fault of third parties for whom Danaos is not legally responsible.

31. Subject to and without waiving the other defenses available to Danaos, Danaos would show that if Plaintiff were injured as alleged, which is not admitted but is expressly denied, any such injuries were caused by Plaintiff's assumption of a known risk or expected industry conditions.

32. Subject to and without waiving the other defenses available to Danaos, Danaos would show that Plaintiff has failed to mitigate any damages he may have sustained and any recovery to which he might otherwise be entitled to should be barred or reduced accordingly.

33. Subject to and without waiving the other defenses available to Danaos, Danaos would show that if Plaintiff were injured as alleged, which is not admitted but is expressly denied, any such injuries were solely caused or contributed by Plaintiff's preexisting physical condition(s) or a subsequent injury or injuries for which Danaos has no legal responsibility.

34. Subject to and without waiving the other defenses available to Danaos, Danaos would show that if Plaintiff were injured as alleged, which is not admitted but is expressly denied, any such injuries were not caused or contributed to by a breach of a legal duty owed to Plaintiff by Danaos.

35. Subject to and without waiving the other defenses available to Danaos, Danaos would show that the law of the United States is not applicable to Plaintiff's claims as stated in the Complaint. Greek law is applicable instead of United States law.

36. Subject to and without waiving the other defenses available to Danaos, Danaos would show that the United States courts are not the proper forum for Plaintiff's claims as stated in the Complaint. The courts of Greece are the proper forum.

37. Subject to and without waiving the other defenses available to Danaos, Danaos would show that Plaintiff's claims in his Complaint are governed by his employment contract and a Collective Bargaining Agreement.

38. Subject to and without waiving the other defenses available to Danaos, Danaos would show that Plaintiff's claims in his Complaint should be dismissed for *forum non conveniens*.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Danaos Shipping Co., Ltd. respectfully prays that Plaintiff's First Amended Complaint be dismissed at Plaintiff's cost or, alternatively, that upon trial of this civil action, Plaintiff take nothing against Danaos and further prays for such other and further relief to which Danaos may show itself justly entitled.

Respectfully submitted,

*/s/ Trenton J. Wallis*
Kelly C. Hartmann
State Bar No. 24055631
Federal Bar No. 777411
khartmann@gallowaylawfirm.com
Trenton J. Wallis
State Bar No. 24113454
Federal Bar No. 3412033
twallis@gallowaylawfirm.com
Jacob C. Soto
State Bar No. 24126644
Federal Bar No. 3712679
jcsoto@gallowaylawfirm.com
GALLOWAY, JOHNSON, TOMPKINS
BURR & SMITH
1301 McKinney, Suite 1400
Houston, Texas 77010
(713) 599-0700 – telephone
(713) 599-0777 – facsimile

**ATTORNEYS FOR DEFENDANT, DANAOS SHIPPING CO. LTD.**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been served by and through the Court approved electronic filing manager via email to participating parties and/or via hand delivery, and/or facsimile and/or certified mail, return receipt requested and/or U.S. First Class Mail to all known counsel of record on this 4th day of June, 2024, to the following:

Vanessa D. Gilmore
Sean A. Roberts
Clive Markland
Anjali Sharma
ROBERTS MARKLAND LLP
2555 N. MacGregor Way
Houston, Texas 77004
Telephone: 713.630.0900
Facsimile: 713.630.0991
Email: vg@robertsmarkland.com
Email: sr@robertsmarkland.com
Email: cm@robertsmarkland.com
Email: as@robertsmarkland.com
Email: eservice@robertsmarkland.com
**ATTORNEYS FOR PLAINTIFF**

*/s/ Trenton J. Wallis*
Kelly C. Hartmann
Trenton J. Wallis
Jacob C. Soto